D. JILL LAVIN, Plaintiff-Appellant, *v.* BOARD OF EDUCATION, HIGH SCHOOL DISTRICT NO. 214, COOK COUNTY, Defendant-Appellee.

(No. 59915; ▉▉▉▉▉▉▉▉▉▉)

First District (5th Division)—August 23, 1974.

Stuart Berks, of Chicago, for appellant.

Franke and Miller, of Chicago (Ralph Miller, of counsel), for appellee.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Commencing in September, 1971, and continuing throughout the duration of the 1971-1972 school year, plaintiff was employed by defendant school district to teach at John Hersey High School in Arlington Heights. Plaintiff taught full time as an English teacher and was given a second contract for the 1972-1973 school year.

On March 27, 1973, approximately 90 days prior to the expiration of her second-year term, plaintiff was informed by letter that she would not be employed for the 1973-1974 school year. The letter was signed by the secretary of the school board and indicated that defendant had approved a resolution terminating plaintiff's contract as of June 14, 1973. The specific reasons given plaintiff for the Board action were as follows:

"(a) Does not exercise mature and professional judgment in the control and management of students.

(b) Does not follow or support district policy.

(c) Students are not given proper opportunity for educational development.

(d) Early dismissal of classes.

(e) Allowing students to come and go from class during the instruction period as they please."

This notification fully complied with the applicable statutory requirement. Ill. Rev. Stat. 1971, ch. 122, par. 24—11.

Subsequently, plaintiff requested a hearing or other opportunity to challenge the decision of defendant not to rehire her. The request was denied.

Plaintiff then filed her complaint in mandamus seeking to compel defendant Board of Education to rehire her for the 1973-74 school year or to compel the Board to set up reasonable procedures for purposes of providing the plaintiff with a hearing on her dismissal and also praying for compensatory damages to the plaintiff for any salary lost as the result of her alleged unlawful dismissal.

In response, defendants filed a motion for summary judgment. The court granted defendants' motion and dismissed the case. This appeal is taken from that order.

OPINION

The sole issue presented for review is whether due process entitled plaintiff to a pre-termination hearing on the reasons cited for her non-retention by the notification letter of March 27, 1973.

Plaintiff contends that lack of a contractual or tenure right to re-employment, taken alone, does not defeat the claim that non-renewal of plaintiff's contract without a hearing is in violation of her rights to procedural due process.

Plaintiff admits in her pleadings that the School Code of Illinois does not endow her with any right or privilege to any hearing of any kind. Plaintiff admits further that teachers who have not entered upon contractual continued services are not entitled to hearings of the type provided by the Legislature in section 24—12 of the School Code. (Ill. Rev. Stat. 1973, ch. 122, par. 24—12.) Plaintiff relies solely on article I, section 2 of the Constitution of the State of Illinois, 1970, which provides in part that:

"No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."

Defendants contend that plaintiff as a probationary teacher had neither a statutory nor a constitutional right to any hearing and that denial of a hearing did not, therefore, infringe upon any constitutionally protected interest of liberty or property.

Defendants rely heavily on the decision upon the question of rights of non-tenured public school teachers in the opinion of the U. S. Supreme

Court issued in *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 33 L.Ed.2d 548, 92 S.Ct. 2701, and on later 7th Circuit U. S. Court of Appeals decisions following the *Roth* case.

In the *Roth* case, the court held that the requirements of due process apply only to deprivation of interests in liberty or property encompassed within the protection of the fourteenth amendment. The court determined that where the employing school board made no charge against a teacher which might impose on him a stigma, such as where good name, reputation, honor or integrity were designated, no interest in his liberty to secure other employment was abridged and no hearing was required. It was indicated that the purpose of such a hearing was to provide the teacher with an opportunity to "clear his name." The decision further implied that mere proof that the teacher's non-retention record might make him less attractive to other employers would not be sufficient to establish a foreclosure of opportunities tantamount to a deprivation of "liberty."

Also in terms of the fourteenth amendment, the court considered whether or not Roth had a protectible property interest in his non-tenured employment as a teacher. It was held that Roth had no "property" interest in an expectation of continued employment. To establish a "property" interest, an individual must establish more than an abstract or unilateral expectation of employment. Absent a legitimate claim of entitlement to continued employment, the court held that Roth had not suffered any deprivation of a property interest.

■■ In light of the *Roth* decision, we hold that the right to due process is applicable only to the action of a state or governmental body which impairs a person's interest in either liberty or property. Referring to the case at bar, we find that defendant made no charges which could have damaged plaintiff's standing or associations in her community. It is noteworthy that counsel for plaintiff in oral argument admitted that but for reasons (a) and (c) aforesaid, plaintiff would have no cause for complaint of her non-retention, but only contended that reasons (a) and (c) carried with them such stigma as to violate some constitutional rights protected by procedural due process.

We disagree.

In cases following *Roth*, namely, *Lipp v. Board of Education* (7th Cir.), 470 F.2d 802; *Clark v. Holmes* (7th Cir.), 474 F.2d 928, *cert. denied*, 411 U.S. 972, 36 L.Ed.2d 695, 93 S.Ct. 2148; *Shirck v. Thomas* (7th Cir.), 486 F.2d 691, and especially in *Miller v. School District No. 167* (7th Cir.), 495 F.2d 658, the reasons assigned for non-renewal would appear to be more stigmatizing than in this case but those cases con-

sistently followed *Roth* in holding that the reasons were not such as to deprive the alleged aggrieved person of a constitutional right to the protection of liberty or property.

Neither can we hold that reasons (a) and (c) might not be totally acceptable to some other board of education.

Looking at the nature of plaintiff's interest in her employment, we find that the nature of her property interest in her continued employment was created and defined by the terms of her employment contract. By virtue of those terms, plaintiff's interest in her employment was secured up to June 14, 1973. The terms secured no interest in re-employment for the subsequent or any other school year. Clearly, plaintiff had a substantial concern in being rehired. We hold, however, that she did not have a property interest in re-employment sufficient to require defendant to give her a hearing when it declined to renew her contract.

■■ We hold that plaintiff's non-retention did not foreclose opportunity for other employment nor did it place upon plaintiff any actionable stigma. We also hold that the terms of plaintiff's employment accorded her no substantial "property" interest in re-employment which is protected by procedural due process. The decision of the trial court is therefore affirmed.

Affirmed.

SULLIVAN, P. J. and DRUCKER, J., concur.