AHMED M. NAGIB, M.D., Plaintiff-Appellant, *v.* ST. THERESE HOSPITAL, INC., Defendant-Appellee.

Second District (2nd Division)    No. 75-279

Opinion filed September 20, 1976.

William T. Kirby and Adam Lutynski, both of Hubachek, Kelly, Rauch & Kirby, of Chicago, for appellant.

Paul E. Thompson, of Thompson & Thompson, of Chicago, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Lake County, Illinois, rendered in favor of St. Therese Hospital, Inc., the defendant,

and against Ahmed M. Nagib, M.D., the plaintiff, on the complaint he had filed to invalidate his dismissal from the hospital's active medical staff.

Dr. Nagib contends that his dismissal was invalid because he was not allowed an appeal to the full medical staff as required by the hospital's bylaws; he was not afforded rudimentary due process, in being denied an appeal and in being judged by a biased hearing committee; and there was no finding of the existence of one of the causes for dismissal enumerated in the bylaws.

The hospital responds that its bylaws do not provide for an appeal of a dismissal to the full medical staff; that far more than rudimentary due process was extended to Dr. Nagib, though not required of a private hospital, and any bias was insignificant and was waived; and that neglect of a patient was a reason for dismissal under the bylaws and was shown by the evidence produced.

The hospital is a private not-for-profit corporation governed by a board of directors, consisting of ten members of a religious order and three lay members, called the Governing Board. It has a Medical Executive Credentials Committee, consisting of five voting members and three nonvoting ex-officio members, who screen applications for membership and conduct dismissal hearings. This committee gave Dr. Nagib a hearing on May 28, 1974, which commenced at 7:30 in the evening and lasted until approximately midnight. Dr. Nagib had previously received a letter telling him what would be discussed, and he had an attorney with him at the hearing to advise him. At the close of the hearing a secret ballot was held, and the vote was unanimous for dismissal of Dr. Nagib.

The decision of the Committee was communicated promptly to the Governing Board. On May 30, 1974, the Governing Board voted unanimously to dismiss Dr. Nagib, at a meeting of which he was not given notice. A letter dated June 10, 1974, informed him of his dismissal. A regular meeting of the medical staff was held on June 17, 1974, but the recommendation of Dr. Nagib's dismissal was not reported to the staff, brought to a vote, or approved by a two-thirds vote of the staff, as Dr. Nagib claims was necessary under the hospital's bylaws to effectuate his dismissal.

A private hospital must follow its own bylaws in excluding a physician from its staff. (*Virgin v. American College of Surgeons* (1963), 42 Ill. App. 2d 352, 369; Annot., 37 A.L.R.3d 645, 656 (1971).) Both parties recognize this to be the rule, but they disagree as to whether the bylaws applicable in this case gave Dr. Nagib the right to appeal his dismissal to the full medical staff. What the hospital's bylaws say on this point is the first issue to be decided.

The bylaws contain the following provisions relating to dismissal:

"Dismissal from the Medical Staff may be initiated either by the Medical Staff or by the Governing Board. Before taking action, the Governing Board shall consult with the Executive Credentials Committee. The physician in question shall be given the opportunity of presenting his explanation of the incident or incidents concerning which complaints may have arisen. Action by the Medical Executive Committee recommending dismissal of a member shall be subject to review by the Governing Board before final action is taken."

The bylaws also contain a section on appeals which reads as follows: "In any case where the Executive Credentials Committee does not recommend reappointment, or where reduction of privileges is recommended, the administrator shall notify the physician concerned and he shall be given an opportunity of appearing before the Executive Credentials Committee. He may request an open hearing before the Medical Staff. After a hearing as outlined above, the Executive Credentials Committee shall make final recommendation to the Governing Board. This recommendation of dismissal or changes in privileges as recommended by the Executive Committee shall be subject to approval by a two-thirds majority of the staff voting at the next duly convened regular staff meeting with a quorum of the staff present."

Dr. Nagib takes the position that the provisions for staff approval contained in the section on appeals are applicable to proceedings instituted under the section dealing with dismissal from the medical staff. He argues that "Action by the Medical Executive Committee recommending dismissal of a member," taken pursuant to the section on dismissals, is literally a "recommendation of dismissal or changes in privileges" requiring staff approval under the sections on appeals. He argues, further, that the reasonableness of reading the two sections together, so as to associate a requirement of staff approval with any dismissal, is shown by the fact that the bylaws also state that appointments and promotions require a two-thirds affirmative vote of the members of the active staff voting.

The hospital's position is that the dismissals section and the appeals section are unrelated, and so there is no requirement that staff approval be given to a dismissal from the medical staff. The hospital argues that the section on appeals deals only with determinations not to reappoint a doctor at the end of his term, every appointment being for just one year, or with reduction of privileges short of termination of all privileges, because the appeals section is positioned within an article captioned "Determination of Qualifications and Privileges," whereas the dismissals section appears later in the bylaws. The hospital argues, further, that a reduction of privileges is different from a dismissal, and that open

hearings before the full staff to consider charges against a doctor would not be feasible.

We have carefully considered the language of the section of the bylaws on appeals, the interpretation each of the parties would have us give to that section, and the other portions of the bylaws on which the parties rely to support the reasonableness of their interpretations. It appears to us that the recommendation made in Dr. Nagib's case was a "recommendation of dismissal or changes in privileges," and so was "subject to approval by a two-thirds majority of the staff voting at the next duly convened regular staff meeting with a quorum of the staff present."

It is our opinion that a "reduction of privileges is recommended" when the Committee recommends a dismissal from the medical staff. The Illinois Supreme Court has held that a "reduction" of liability can include a lessening of liability to the point of complete extinction (*Bishop v. Bucklen* (1945), 390 Ill. 176, 183), so we believe a reduction of privileges should be considered to include a lessening of privileges to zero by dismissal, as in the case before us.

We do not feel that extension of the appeals provisions to cover dismissals should be denied simply for the reason that the section on appeals is placed within an article which does not include the subject of appeals but deals with qualifications and privileges. We would point out that the provisions in the bylaws on reappointments, as well as the provisions on dismissals from the medical staff, lie outside the article dealing with qualifications and privileges.

The appeals section allows a request for an open hearing before the full medical staff in those cases to which the section applies in the opinion of the hospital, so we cannot feel that an open hearing would not be feasible in those other cases to which the section does not apply in the opinion of the hospital. Furthermore, we do not think that a recommendation not to reappoint at the end of a year should require staff approval while a recommendation to dismiss during the year should not need staff approval, since staff approval of actions affecting doctors' rights is mentioned throughout the bylaws.

Since we interpret the appeals section to apply to a recommendation of dismissal from the medical staff and to invalidate Dr. Nagib's dismissal for lack of staff approval, we need not consider the other issues raised. For the reasons we have stated, the judgment of the Circuit Court of Lake County is reversed and the cause remanded with directions to enter judgment for plaintiff declaring that his purported dismissal is invalid.

Judgment reversed and cause remanded with direction.

RECHENMACHER, P. J., and HALLETT, J., concur.