KANAKMAL JAIN, Plaintiff-Appellant, *v.* NORTHWEST COMMUNITY HOSPITAL *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 77-1326

Opinion filed December 29, 1978.

James J. Flynn, of Lynch and Flynn, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Rudolf G. Schade, Jr., and Stanley J. Davidson, of counsel), for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Cook County, granting defendants' motion to dismiss plaintiff's complaint with prejudice. The issue is whether plaintiff's complaint, seeking injunctive relief and damages against a private, not-for-profit hospital and its chief

executive officer for their refusal to admit plaintiff to the hospital's medical staff, stated a cause of action.

■■ Because this is an appeal from the granting of a motion to dismiss, all well pleaded allegations of fact in the complaint will be taken as true. (*E.g., Clay v. Chicago Board of Education* (1st Dist. 1974), 22 Ill. App. 3d 437, 318 N.E.2d 153.) The facts alleged are as follows:

Plaintiff, Kanakmal Jain, is a physician licensed to practice medicine in Illinois. Plaintiff has been admitted to membership in the Chicago Medical Society and the American Medical Association. For many years plaintiff has specialized in the field of general surgery; he is a Diplomat of the American Board of Surgery and has been admitted to fellowship in the Royal College of Surgeons of Canada. By reason of his good conduct, skill, and competence, plaintiff has acquired an excellent reputation in his profession.

Plaintiff's complaint, filed January 27, 1976, alleged that he is and has been engaged in the practice of medicine and general surgery in Arlington Heights, Hoffman Estates, Palatine, Schaumburg, and Elk Grove Village, Illinois, and in areas contiguous thereto for more than 2½ years. In March 1974, plaintiff submitted his application for membership on defendant Northwest Community Hospital's medical staff and requested privileges in the department of general surgery. The hospital is a not-for-profit corporation organized under State law. Defendant MacCoun is its president and chief executive officer. Plaintiff alleged that the hospital "is dedicated to the vital public use of serving the acutely sick and injured" and that it "derives its funds directly and indirectly in good measure from public sources, including funds from the State of Illinois." The hospital is located in Arlington Heights, Illinois, and serves communities located in the northwest suburbs of Chicago, including those in which plaintiff practices.

Plaintiff alleged that his application was in full compliance with the hospital bylaws, which were not set out in the complaint and which do not appear in the record. Plaintiff alleged that even though his application demonstrated his professional competence and character so as to entitle him to admission to the hospital medical staff, defendants, acting through the department of surgery, the credentials committee, the medical executive committee, and the board of directors of the hospital, wrongfully and without due process of law refused to admit plaintiff to the hospital medical staff, in that: (1) the application for admission was not fairly considered; (2) the application was rejected without a specification of the reasons for the rejection; (3) the application was rejected without first affording plaintiff a meaningful hearing; (4) the application was rejected through the use of *ex parte* communications that were unknown to plaintiff; (5) the application was rejected for

insubstantial reasons and for reasons that did not pertain to plaintiff's professional competence and character; and (6) plaintiff's professional competence and character were not evaluated in accordance with a reasonable and objective standard and in accordance with those guidelines and standards theretofore employed for the admission of persons to the hospital's medical staff.

Plaintiff alleged that by reason of the above wrongful acts and omissions, he has suffered irreparable damage in that he has been unable to admit his patients to Northwest Community Hospital, on an emergency basis, and he has been substantially inhibited from expanding and developing his medical practice in, and among the residents of, Arlington Heights, Palatine, and Buffalo Grove, Illinois. Plaintiff further alleged that he has no adequate remedy at law. Count I of plaintiff's complaint then prayed the court to enter an injunction against defendants, requiring them to afford plaintiff a fair and impartial hearing on his application for admission to the medical staff of Northwest Community Hospital. Count II of plaintiff's complaint realleged everything alleged in count I except the reference to the inadequacy of the remedy at law. Count II further alleged that plaintiff had incurred damages as a result of defendants' wrongful conduct, in the amount of $150,000.

The defendant hospital and the defendant hospital administrator filed separate motions to strike and dismiss the complaint. The hospital moved to dismiss on the ground that it is a not-for-profit corporation and private hospital, that as a matter of Illinois law there is no judicial review of a private hospital's refusal to appoint a physician or surgeon to its medical staff, and that plaintiff's complaint therefore failed to state a cause of action either for an injunction or for damages. The hospital administrator moved to dismiss on the same theory and also on the ground that the complaint failed to state a cause of action as to him in that plaintiff alleged no individual responsibility on the part of defendant MacCoun in the reviewing and credentialling process at the hospital and alleged no specific misconduct on his part at all.

While memoranda in support of and in opposition to the motions to dismiss were filed, no supporting affidavits were submitted by either side. After hearing argument on the motions to dismiss, the trial court granted both motions and dismissed both counts of the complaint with prejudice. From this order, plaintiff appeals.

In his brief on appeal, plaintiff has argued two points: (1) that defendant Northwest Community Hospital, because of its dedication to service of the public and its receipt of significant public monies and benefits, was required to afford plaintiff a fair hearing and substantive and procedural due process of law in acting upon his application for admission to its medical staff; and (2) that judicial review of the staff

decisions of a private hospital does not require substitution of the court's judgment, but rather the review required is akin to review of agency action.

In response, defendants have argued four points: (1) that the denial by a private hospital of plaintiff's application for appointment to the medical staff is not subject to judicial review, under the rule advanced in *Mauer v. Highland Park Hospital Foundation* (2d Dist. 1967), 90 Ill. App. 2d 409, 412-13, 232 N.E.2d 776; (2) that the mere fact that a private hospital receives public monies does not require that it provide procedural or substantive due process to those applying for admission to its medical staff; (3) that plaintiff has waived the right to contest the dismissal of defendant MacCoun because plaintiff has failed to argue this point in his brief, citing, *inter alia*, Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7)); and (4) that plaintiff has waived the right to contest the dismissal of his count seeking money damages, for the same reason and based on the same authority.

■ We begin by noting, as defendants have pointed out, that the vast majority of Federal circuits have held, and we agree, that the mere receipt of Federal and State funds, the enjoyment of tax exemptions, and the presence of State licensing requirements do not transform private hospitals' staff appointment decisions into State action for purposes of invoking the fourteenth amendment. (See, *e.g.*, *Hodge v. Paoli Memorial Hospital* (3d Cir. 1978), 576 F.2d 563, 564, and cases cited therein.) Only the decisions of the Court of Appeals for the Fourth Circuit are to the contrary. (See, *e.g.*, *Christhilf v. Annapolis Emergency Hospital Association, Inc.* (4th Cir. 1974), 496 F.2d 174; *Sams v. Ohio Valley General Hospital Association* (4th Cir. 1969), 413 F.2d 826.) The majority rule has also been adopted by those State courts which have decided the issue. See, *e.g.*, *Gotsis v. Lorain Community Hospital* (1974), 46 Ohio App. 2d 8, 345 N.E.2d 641; *Ponca City Hospital, Inc. v. Murphree* (Okla. 1976), 545 P.2d 738.

■ However, our inquiry does not end there. Another possible basis for review lies in the power of courts to regulate private businesses or industries impressed with a public interest and to see that their discretionary powers are exercised reasonably and for the public good, and in accord with minimal common law requisites of fair procedure. The seminal case involving hospital staff selection is *Greisman v. Newcomb Hospital* (1963), 40 N.J. 389, 192 A.2d 817, which in turn derived from the landmark case of *Falcone v. Middlesex County Medical Society* (1961), 34 N.J. 582, 170 A.2d 791 (despite arbitrary bylaw requirement to the contrary, court would compel admission of plaintiff into private medical society, membership in which was a necessary prerequisite to the maintenance of staff privileges in local hospitals). In

*Greisman,* the court held that a private hospital, which received public funds, enjoyed tax benefits, and constituted a virtual monopoly in providing health care to the public in the area, was in no position to claim immunity from public supervision. Rather, the court stated that the hospital's powers relating to selection of staff members were fiduciary powers to be exercised reasonably and for the common good, and the court held that the hospital could not refuse to consider the plaintiff's application for staff membership on the basis of a bylaw requirement deemed arbitrary, unrelated to sound hospital standards, and not in furtherance of the public interest. While the court in *Greisman* dealt with the validity of a bylaw requirement which precluded consideration of an applicant, the *Greisman* rationale was extended to discretionary denials of staff membership applications in *Sussman v. Overlook Hospital Association* (App. Div. 1967), 95 N.J. Super. 418, 231 A.2d 389, cited with approval by the New Jersey Supreme Court in *Guerrero v. Burlington County Memorial Hospital* (1976), 70 N.J. 344, 360 A.2d 334, 342.

However, in *Mauer v. Highland Park Hospital Foundation* (2d Dist. 1967), 90 Ill. App. 2d 409, 232 N.E.2d 776, the Illinois court considered and rejected the policy grounds on which *Greisman* was based, and held that a private hospital has the right to refuse to appoint a physician or surgeon to its medical staff, and this refusal is not subject to judicial review. (90 Ill. App. 2d 409, 412-13, citing *Shulman v. Washington Hospital Center* (D.D.C. 1963), 222 F. Supp. 59, 63; *Levin v. Sinai Hospital of Baltimore City, Inc.* (1946), 186 Md. 174, 46 A.2d 298, 301; *Manczur v. Southside Hospital, Inc.* (S. Ct. 1959), 16 Misc. 2d 989, 183 N.Y.S. 2d 960, 961; *Khoury v. Community Memorial Hospital, Inc.* (1962), 203 Va. 236, 123 S.E.2d 533, 539; *State ex rel. Sams v. Ohio Valley General Hospital Association* (1965), 149 W. Va. 229, 140 S.E.2d 457, 462; see also cases cited in *Silver v. Castle Memorial Hospital* (Hawaii 1972), 497 P.2d 564, 566-67 n. 2.) The basic rationale behind the rule was the court's unwillingness to substitute its judgment for that of the private hospital authorities (90 Ill. App. 2d 409, 415), although the court did note that a *public* hospital's action in rejecting an application for staff membership is judicially reviewable to determine whether the rejection was arbitrary, capricious, or unreasonable. 90 Ill. App. 2d 409, 413; see *Dayan v. Wood River Township Hospital* (4th Dist. 1958), 18 Ill. App. 2d 263, 152 N.E.2d 205.

The rule in *Mauer* has since been reiterated, but not applied, by this court. (*Fahey v. Holy Family Hospital* (1st Dist. 1975), 32 Ill. App. 3d 537, 543, 546-47, 336 N.E.2d 309, *cert. denied* (1976), 426 U.S. 936, 49 L. Ed. 2d 387, 96 S. Ct. 2650.) A corollary rule prefiguring *Mauer* is that where the bylaws of a private hospital place on its governing board the final

responsibility for staff appointments and privileges, a failure to reappoint which may cause a physician inconvenience and probably loss of income will not alone justify the issuance of a temporary injunction against the hospital. (*Rutledge v. St. Vincent Memorial Hospital* (5th Dist. 1966), 67 Ill. App. 2d 156, 214 N.E.2d 131.) The only qualification to the rule of nonreview that has developed in Illinois is that where a physician's existing staff privileges are revoked or reduced, a private hospital must follow its own bylaws in doing so or be subject to limited judicial review.(*Nagib v. St. Therese Hospital, Inc.* (2d Dist. 1976), 41 Ill. App. 3d 970, 971, 355 N.E.2d 211; *Fahey v. Holy Family Hospital* (1st Dist. 1975), 32 Ill. App. 3d 537, 543, 336 N.E.2d 309; accord, *Shulman v. Washington Hospital Center* (D.D.C. 1963), 222 F. Supp. 59 (dicta); *Gotsis v. Lorain Community Hospital* (1974), 46 Ohio App. 2d 8, 345 N.E.2d 641; *Berberian v. Lancaster Osteopathic Association, Inc.* (1959), 395 Pa. 257, 149 A.2d 456; *cf. Gashgai v. Maine Medical Association* (Me. 1976), 350 A.2d 571 (association enjoined from violating bylaws as against member).) Some States which generally follow the rule of nonreview also make an exception where conspiracy to injure the physician in his profession is alleged. *Nashville Memorial Hospital, Inc. v. Binkley* (Tenn. 1976), 534 S.W.2d 318; see also *Willis v. Santa Ana Community Hospital Association* (1962), 58 Cal. 2d 806, 376 P.2d 568, 26 Cal. Rptr. 640.

Plaintiff seeks to distinguish the case at bar from *Mauer*, but the fact remains that both cases involve the discretionary denial by a private hospital of a physician's initial application for staff membership. Nevertheless, plaintiff asks us to reconsider the rule advanced in *Mauer* in light of the fact that the principles espoused in *Greisman* have since been adopted and extended by many jurisdictions which have considered the question. (See *Peterson v. Tucson General Hospital, Inc.* (Ariz. App. 1976), 114 Ariz. 66, 559 P.2d 186 (private hospital's denial of physician's reapplication for staff membership held subject to judicial review, where hospital constituted virtual monopoly in area); *Ascherman v. Saint Francis Memorial Hospital* (1975), 45 Cal. App. 3d 507, 119 Cal. Rptr. 507 (court compelled private hospital to consider physician's initial application for staff privileges, holding bylaw requirement to the contrary invalid); *Ascherman v. San Francisco Medical Society* (1974), 39 Cal. App. 3d 623, 114 Cal. Rptr. 681 (physician dismissed from hospital staffs held entitled to a hearing, though none was required under hospital bylaws, and was held entitled to have initial applications to other hospitals considered in a nonarbitrary fashion); *Hawkins v. Kinsie* (Colo. App. 1975), 540 P.2d 345 (physician's complaint stated a cause of action by alleging that private hospital's decision not to reappoint physician was arbitrary, capricious, and unreasonable); *Silver v. Castle Memorial*

*Hospital* (Hawaii 1972), 497 P.2d 564 (judicial review available where physician whose staff privileges were not renewed was not accorded procedural due process by private hospital which accepted public funds; dicta that abuse of discretion by hospital board would also be reviewable and that initial applications for appointment would be treated the same); *Bricker v. Sceva Speare Memorial Hospital* (1971), 111 N.H. 276, 281 A.2d 589 (court will review decision not to reappoint by private hospital and will set aside if arbitrary, capricious, or unreasonable); *Davidson v. Youngstown Hospital Association* (Mahoning Cty. 1969), 19 Ohio App. 2d 246, 250 N.E.2d 892 (power of private hospital to pass on initial staff membership applications held to be a fiduciary power, the exercise of which would be set aside if unreasonable, arbitrary, capricious, or discriminatory); *Woodard v. Porter Hospital, Inc.* (1966), 125 Vt. 419, 217 A.2d 37 (plaintiff's complaint that dismissal from medical staff of private hospital was arbitrary and capricious held to state a cause of action); *Rao v. Auburn General Hospital* (1973), 10 Wash. App. 361, 517 P.2d 240 (action of "quasi-public hospital," a private hospital which, *inter alia*, takes· public funds, held reviewable and to be set aside if arbitrary, tyrannical, or predicated upon a fundamentally wrong basis).) In addition, New York's adherence to the majority common law rule of nonreview has been abrogated by statute. See *Fritz v. Huntington Hospital* (1976), 39 N.Y.2d 339, 384 N.Y.S.2d 92, 348 N.E.2d 547 (applying Public Health Law (§2801-b) to private hospital's rejection of physicians' initial applications for staff membership).

However, the trend toward broader review has·not been unanimous. Some jurisdictions have assumed the question, without deciding it, and have upheld the hospitals' exercise of their discretion. (*Hagan v. Osteopathic General Hospital* (1967), 102 R.I. 717, 232 A.2d 596; *Huffaker v. Bailey* (Ore. 1975), 540 P.2d 1398.) Other jurisdictions have noted the trend but have adhered to what still appears to be the majority position. *Moles v. White* (Fla. App. 1976), 336 So. 2d 427; *Monyek v. Parkway General Hospital, Inc.* (Fla. App. 1973), 273 So. 2d 430; *Gotsis v. Lorain Community Hospital* (Lorain Cty. 1974), 46 Ohio App. 2d 8, 345 N.E.2d 641; *Ponca City Hospital, Inc. v. Murphree* (Okla. 1976), 545 P.2d 738; *Nashville Memorial Hospital, Inc. v. Binkley* (Tenn. 1976), 534 S.W.2d 318.

■■ While we agree that it is no longer true to state, as the court in *Mauer* stated, that the doctrine of nonreview is "supported by 'the overwhelming weight of authority, almost approaching unanimity' " (90 Ill. App. 2d 409, 414, quoting *Shulman v. Washington Hospital Center* (D.D.C. 1963), 222 F. Supp. 59, 63), in view of the fact that the court in *Mauer* considered and rejected the applicability of the principles of the *Greisman* decision in

the same context as the case at bar, we do not feel justified in departing from the rule laid down in that case.

Plaintiff also asks us to consider whether the law in Illinois on this point might not have been changed by the decision of our supreme court in *Van Daele v. Vinci* (1972), 51 Ill. 2d 389, 282 N.E.2d 728, *cert. denied* (1972), 409 U.S. 1007, 34 L. Ed. 2d 300, 93 S. Ct. 438. In *Van Daele*, the court, citing the *Falcone* decision with approval, held that the plaintiff's expulsion from a retail grocers' association violated due process where the action, though in accord with bylaw procedures, was taken by a biased tribunal.

While one decision may have contained at least an intimation to the contrary (*Spencer v. Community Hospital* (1st Dist. 1975), 30 Ill. App. 3d 285, 288, 332 N.E.2d 525), we cannot agree that the decision in *Van Daele*, relating to expulsions from associations, necessarily abrogated the rule of the *Mauer* case, relating to initial applications to private hospitals. The principle that voluntary associations which affect important economic interests must conduct expulsion proceedings according to their bylaws had already been established in decisions of our appellate courts. (See *Virgin v. American College of Surgeons* (1st Dist. 1963), 42 Ill. App. 2d 352, 192 N.E.2d 414 (surgeons' association); *O'Brien v. Matual* (2d Dist. 1957), 14 Ill. App. 2d 173, 144 N.E.2d 446 (labor union); *Werner v. International Association of Machinists* (2d Dist. 1956), 11 Ill. App. 2d 258, 137 N.E.2d 100.) Indeed, this has long been the majority common law rule, existing side-by-side with the general rule of nonreview of private hospital staff appointments. (Compare the leading case of *Reid v. Medical Society* (Sup. Ct. 1915), 156 N.Y.Supp. 780 (expulsion subject to court action if in violation of the principles of natural justice) with, *e.g.*, *Van Campen v. Olean General Hospital* (1924), 210 App. Div. 204, 205 N.Y.S. 554, *aff'd without opinion*, 239 N.Y. 615, 147 N.E. 219 (no review of private hospital staff decisions).) Similarly, as we have noted, the rule in Illinois has been that although private hospitals' staff decisions are not generally reviewable, reductions of privileges or dismissals must be in accord with the hospital bylaws. The court in *Van Daele* simply extended the rule to cover expulsions conducted by biased tribunals, though in accord with bylaw procedures. We cannot agree that in so doing the court intended to overturn the rule of the *Mauer* case so as to require private hospitals to conduct a hearing on every application for staff membership they receive. Neither do we believe that by citing *Falcone* the court necessarily adopted all subsequent judicial extensions of that case. We therefore do not feel justified in acceding to plaintiff's request that we depart from the well settled rule laid down in the *Mauer* decision.

Accordingly, the judgment dismissing the complaint for failing to

state a cause of action is affirmed. Because of the view of the case that we have taken, we need not decide the other issues raised by the parties.

Affirmed.

DOWNING and BROWN,[1] JJ., concur.

---

[1] Justice Brown participated in this decision while assigned to the Illinois Appellate Court, First District.