JOSEPH SETTLER, D.P.M., Plaintiff-Appellant, *v.* THE HOPEDALE
MEDICAL FOUNDATION, d/b/a The Hopedale Medical Complex,
*et al.*, Defendants-Appellees.

Third District   No. 79-360

Opinion filed January 28, 1980.

James L. Hafele, P. C., of Peoria, for appellant.

Richard D. Price, Jr., of Cassidy, Cassidy, Mueller & Price, of Peoria, for appellees Gerardo C. Guzman, Robert D. William, Hopedale Medical Foundation, and Lawrence J. Rossi.

Robert D. Winters and Daniel L. Gaumer, both of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellee John R. Graham.

Duncan B. Cooper and Douglas J. Pomatto, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellees John A. Hoffman, Steward J. Ruch, and Paul Schwarzentraub.

Richard E. Quinn, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellees Hopedale Medical Foundation and Lawrence J. Rossi.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Tazewell County. The plaintiff, Joseph Settler, a podiatrist, sued the defendants Hopedale Hospital (conceded by all parties to be a private hospital), its administrator Rossi, four podiatrists, Graham, Hoffman, Ruch and Schwarzentraub, and two physicians, Guzman and William. The circuit court granted the defendants' motion for summary judgment as to counts three through 12. Only counts one and two were permitted to stand. These two counts alleged the defendant Hopedale Hospital and its administrator Rossi breached a contractural relationship. The trial court certified that there was no just reason for delaying an appeal, and hence this court is called upon to determine the propriety of the summary judgment orders which dismissed counts three through 12.

The record in this appeal is quite voluminous; however, in a "nutshell" this litigation arose when the plaintiff was denied what he classifies as full privileges on the podiatry staff of the defendant hospital. In short, in September 1974, the podiatry staff at the hospital of which plaintiff was a member was dissolved. On September 19, 1974, plaintiff applied for a new position as a podiatric consultant to the hospital's medical staff. On October 7, 1974, plaintiff's request was denied but he was granted the privilege of being a podiatric surgical assistant. After

several later attempts to obtain greater privileges, plaintiff brought suit against the hospital and the other individual defendants seeking monetary and injunctive relief.

In order to precisely confront the questions raised in this appeal we will examine chronologically each count, the remedy sought, and to which defendant it is directed.

Count III, which seeks injunctive relief, and count IV, which seeks monetary damages, are both directed against the defendant hospital Hopedale and its administrator Rossi. Both counts contain identical allegations of fact and are predicated upon a theory that a violation of constitutional rights occurred when plaintiff was dismissed from the staff of the hospital without notice or hearing and subsequent applications for appointment to the staff were denied without reason.

Due process violations of our State Constitution have been interpreted to protect only against interference by governmental action. *People v. Belcastro* (1934), 356 Ill. 144, 190 N.E.2d 301; *Lavin v. Board of Education* (1974), 22 Ill. App. 3d 555, 317 N.E.2d 717.

■ It is undisputed that the defendant hospital is a private institution and consequently due process safeguards applicable to public hospitals are not available to the plaintiff. That the defendant Hopedale is a private hospital rather than a public institution creates distinctions as to the applicable law. Since Hopedale is a private institution the plaintiff possessed no constitutionally guaranteed right to staff privileges. *Fahey v. Holy Family Hospital* (1975), 32 Ill. App. 3d 537, 336 N.E.2d 309.

■ Counts V and VI seek to allege a tort action based upon negligent and wilful and wanton conduct on the part of the defendant Hopedale Hospital and defendant administrator Rossi predicated upon their acts in terminating the plaintiff's staff privileges. These counts could and should have been held insufficient and subject to summary judgment as was awarded to the defendants by the trial court on the well-established legal grounds that a private hospital's refusal to appoint a physician or surgeon to medical staff is not subject to judicial review. *Mauer v. Highland Park Hospital Foundation* (1967), 90 Ill. App. 2d 409, 232 N.E.2d 776.

The plaintiff argues that the doctrine of judicial nonintervention is no longer viable in Illinois and in support of this assertion apparently relies on the case of *Jain v. Northwest Community Hospital* (1978), 67 Ill. App. 3d 420, 385 N.E.2d 108. We interpret *Jain* otherwise, for after a detailed examination of decisions in our State and other jurisdictions the review court stated:

> "We therefore do not feel justified in acceding to plaintiff's request that we depart from the well settled rule laid down in the *Mauer* decision." 67 Ill. App. 3d 420, 427.

The reviewing court in *Jain* did hold that the only qualification to the

judicial nonintervention doctrine is that when a physician's existing staff privileges are revoked a private hospital must follow its own bylaws or be subjected to a limited judicial review. This qualification, however, affords no comfort or relief to the plaintiff, since there was no allegation in the second amended complaint that the defendant hospital and defendant Rossi violated any provision of the bylaws of the hospital in removing or restricting the privileges or status of the plaintiff. It is further apparent that there were no bylaws in existence at the time the plaintiff's privileges were removed or curtailed.

In a further effort to defeat the viability of the doctrine of judicial nonintervention the plaintiff concludes that "model" bylaws suggested by the Joint Commission on the Accreditation of Hospitals became the bylaws of the defendant Hopedale hospital. How this event occurred is unexplained, but such lack of explanation is of little import since this approach was not pleaded in counts III, IV, V and VI. It was alluded to in count I, which withstood the motion for summary judgment, and hence the plaintiff still has an opportunity to establish that the proposed "model bylaws" became part of his contract with the defendant Hopedale hospital.

It can only be concluded that the trial court properly granted summary judgment to the hospital and Rossi as to counts III, IV, V and VI of the second amended complaint.

Counts VII through IX in the plaintiff's second amended complaint are directed against fellow podiatrists, namely the defendants Graham, Hoffman, Ruch and Schwarzentraub. These defendants were members of a surgery committee of the podiatry staff of the Hopedale Medical Foundation.

Counts VII, VIII and IX of the plaintiff's second amended complaint allege that his fellow podiatrists were guilty of negligence, conspiracy and wilful and wanton conduct. These counts contain no allegations relating to any contractual relationship, either oral or written, between the plaintiff and the defendants. These counts further contain no allegations as to the existence of bylaws adopted by the defendant hospital either prior to or subsequent to October 1974.

■■ The decision of the trial court in entering summary judgment in favor of the defendants Graham, Hoffman, Ruch and Schwarzentraub was correct. This conclusion is reached because of the law as set forth in the case of *Mauer v. Highland Park Hospital Foundation* (1967), 90 Ill. App. 2d 409, 232 N.E.2d 776, which we have heretofore cited and discussed in this opinion. Nor is the case of *Jain v. Northwest Community Hospital* applicable to the instant case, because plaintiff failed to allege the violation of any hospital bylaws, and understandably so, because none were in existence until October 8, 1975, some 13 months after the

plaintiff's privileges were terminated by the dissolution of the podiatry staff. When bylaws do not exist they cannot be violated.

In counts VII, VIII and IX the plaintiff did allege that the defendant hospital was at all times accredited by the Joint Commission on Accreditation of Hospitals and that the standards published by that commission were applicable to the hospital and the defendants Graham, Hoffman, Ruch and Schwarzentraub. The plaintiff did not allege that the published standards created a contract between him and the hospital. It is again the plaintiff's theory that the standards created a set of model bylaws which should have been followed when his privileges were denied or curtailed. It is obvious that the plaintiff espouses this theory in an effort to fall within the purview of the case of *Jain*. This effort of the plaintiff must fall, for it is clear from the record that the proposed "model bylaws" are suggestions only and that they specifically provided:

> "Since the governing body has the ultimate responsibility for the conduct of the hospital, the bylaws, rules and regulations must be officially adopted and attested by the signatures of its chairman and secretary in order to make the document official."

The foregoing provision makes it clear that the proposed "model bylaws" must be officially adopted by a particular hospital before they have any effect or serve any purpose. It is clear from the record that they were not adopted by Hopedale hospital and for this reason the plaintiff acquired no rights by virtue of the suggested set of "model bylaws."

The claims against the individual defendants are not subject to judicial review any more than claims against the defendant hospital. To deny protection to individual defendants would effectively deny protection to a hospital, since it can act only through individuals. To permit judicial review of claims against individual defendants would circumvent the protection afforded private hospitals and thwart the law set forth in the case of *Mauer*. The case of *Jain* where the hospital and its chief executive officer were sued separately is authority for the proposition that not only the private hospital but individuals acting in its behalf are immune from judicial intervention. *Jain v. Northwest Community Hospital* (1978), 67 Ill. App. 3d 420, 385 N.E.2d 108.

Counts X, XI and XII are directed against the defendants Guzman and William. These defendants are physicians licensed to practice medicine in all its branches in Illinois. Both were members of the medical staff of Hopedale Medical Foundation and each were called upon to evaluate the abilities of podiatrist applicants for the position of podiatric consultant to the medical staff of the defendant hospital. Plaintiff applied for such position, and as is evident from this appeal, his application was denied.

Count X alleges a negligent theory against the defendants. Count XI

makes the same allegation but seeks punitive damages. Count XII makes the same allegations but prays for an injunction.

●■ ■ The motion for summary judgment filed by defendants Guzman and William was predicated upon both the rule of law set forth in the case of *Mauer* and a statutory provision set forth in the Medical Practice Act of our State (Ill. Rev. Stat. 1975, ch. 91, par. 2(b)). The statutory provision cited by the plaintiff provides immunity from civil damages to the defendants for their actions in evaluating the ability of the plaintiff when he submitted his application for the position of a podiatric consultant to the medical staff of Hopedale hospital. The plaintiff concedes the applicability of the cited statutory provision but asserts the provision to be "special legislation" and hence unconstitutional. For the reasons heretofore stated in this opinion concerning constitutional questions, the plaintiff is not in the class of persons entitled to make such an assertion or contention, and it must therefore fall. The statutory provision cited by the defendants effectively supports their motion for summary judgment as to counts X and XII.

■■ Count XI of the plaintiff's second amended complaint alleges willful and wanton misconduct and seeks punitive damages and therefore does not fall within the ambit of section 2b (Ill. Rev. Stat. 1975, ch. 91, par. 2b). Count XI is, however, defeated by the law set forth in *Mauer v. Highland Park Hospital Foundation* (1967), 90 Ill. App. 2d 409, 232 N.E.2d 776. This case has been adequately discussed, and we will therefore not engage in repetitive and unnecessary reasoning.

Taken for disposition with this case was a motion filed by the defendant Hopedale Hospital to strike the reply brief of the plaintiff on the grounds that the brief contained falsehoods. We make no finding as to this assertion and deny the motion to strike since we have ascertained what transpired at the trial court level by searching the record. A motion of the plaintiff taken with the case and which set forth corrections in his brief and reply brief is granted.

For the reasons set forth the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

BARRY and STENGEL, JJ., concur.