RICHARD J. CLAYDON, Plaintiff-Appellant, v. THE SISTERS OF THE THIRD ORDER OF ST. FRANCIS, Defendant-Appellee.

Fourth District   No. 4—88—0643

Opinion filed March 17, 1989.

Richard E. Friedman, Gerald B. Mullin, and Randall E. Server, all of Epton, Mullin & Druth, Ltd., of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (William G. Swindal and James E. McParland, of counsel), for appellee.

JUSTICE GREEN delivered the opinion of the court:

On May 18, 1988, plaintiff Richard J. Claydon, D.D.S., filed a complaint in the circuit court of McLean County against defendant, the Sisters of the Third Order of St. Francis (St. Joseph's Hospital Medical Center). The complaint alleged: (1) defendant, which operated a private hospital, had granted plaintiff certain medical privileges in

1979 and further privileges in 1982; (2) the privileges granted in 1982 were revoked on January 11, 1984, because defendant questioned whether it could legally grant those privileges to plaintiff, who is a dentist; and (3) subsequently, legislation and administrative regulations were enacted which permitted grant of the revoked privileges to plaintiff, but defendant has refused to reinstate those privileges. Plaintiff sought declaratory and injunctive relief. On August 3, 1987, the circuit court allowed, in bar of action, defendant's motion to dismiss the complaint for failure to state a cause of action. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) Plaintiff has appealed. We affirm.

The privileges allegedly granted in 1982 but rescinded in 1984 were those of taking histories of and performing medical examinations on certain "good risk" patients of plaintiff's who were to be admitted to defendant's hospital. The complaint alleged plaintiff had "successfully completed an advanced continuing medical education program for oral surgeons in medical history taking and physical examinations." The complaint also alleged plaintiff (1) was licensed to practice dentistry in Illinois; (2) was a diplomat of the American Board of Oral and Maxillofacial Surgery; and (3) when permitted to do so, had performed approximately 20 histories and physical examinations without incident. He requested the circuit court to declare that the legislation and administrative rules to which he referred allowed defendant to grant him the history-taking and examination privileges he formerly had and asked for the issuance of an injunction mandating defendant to do so. Plaintiff asks for other relief that may be proper but stipulates in his brief he does not request damages.

The legislation upon which plaintiff seeks a judgment declaring he is eligible to have history-taking and physical examination privileges restored is section 46 of the Illinois Dental Practice Act which, at the time of the filing of the complaint, stated:

> "Patient Histories and Examinations. A dentist may perform a patient history and examination in the office, clinic or other dental facility or in a hospital, provided that his credentials have been approved by the hospital medical staff to perform such procedures and that such histories and examinations are directly related to or incident to the performance of dental services, operations or surgery." Ill. Rev. Stat. 1987, ch. 111, par. 2346.

The administrative regulation upon which plaintiff relies is an Illinois Department of Registration and Education regulation which states in part:

> "Patients admitted by a dentist may have their histories and

physical examinations performed by the admitting dentist, provided that the dentist is a member of the hospital medical staff, that the dentist has been approved to perform [these functions] by the hospital governing board and that [these functions] are directly related or incident to the dental service, operation or surgery for which the patient is being admitted." (11 Ill. Reg. 10,659 (eff. July 1, 1987) (amending 77 Ill. Adm. Code 250.320 (1985)).)

Neither of the foregoing was in force at the time plaintiff's privileges were revoked.

■■ Plaintiff recognizes the precedent established by *Barrows v. Northwestern Memorial Hospital* (1988), 123 Ill. 2d 49, 525 N.E.2d 50, *Jain v. Northwest Community Hospital* (1978), 67 Ill. App. 3d 420, 385 N.E.2d 108, and *Mauer v. Highland Park Hospital Foundation* (1967), 90 Ill. App. 2d 409, 232 N.E.2d 776, and a long line of other cases holding that (1) a medical professional initially denied staff privileges at a private hospital has no cause of action for review of the decisions; and (2) a medical professional whose staff privileges are revoked has no cause of action for reinstatement unless the hospital fails to follow its constitution and bylaws. For reasons explained later, plaintiff maintains his situation differs from that of the professionals seeking judicial review in those cases, and, thus, the reasons for those decisions are not applicable here.

In *Barrows*, the circuit court had dismissed a complaint by a pediatrician in which he requested that a private hospital be ordered to afford him staff privileges. The circuit court dismissed the complaint, but the appellate court reversed (*Barrows v. Northwestern Memorial Hospital* (1987), 153 Ill. App. 3d 83, 505 N.E.2d 1082), holding that, even in regard to private hospitals, public policy then required allowing judicial review of decisions to deny staff privileges to determine whether the denial was unreasonable, arbitrary, or capricious. The supreme court reversed, citing, with approval, *Mauer*, *Jain*, and others in a long line of Illinois cases. The *Barrows* court rejected the appellate court's theory that public policy now required a change from the long line of policy established. It also rejected a contention that cases such as *Sussman v. Overlook Hospital Association* (1966), 92 N.J. Super. 163, 222 A.2d 530, *aff'd* (1967), 95 N.J. Super. 418, 231 A.2d 389, and *Greisman v. Newcomb Hospital* (1963), 40 N.J. 389, 192 A.2d 817, set a new trend in a majority of States to require judicial reviewability of staff privilege determinations.

As stated in *Jain* (67 Ill. App. 3d at 424, 385 N.E.2d at 112), *Mauer* (90 Ill. App. 2d at 415, 232 N.E.2d at 779), and *Shulman v.*

*Washington Hospital Center* (D.D.C. 1963), 222 F. Supp. 59, 64, the reason for the general rule not permitting judicial review of actions in regard to staffing privileges is to avoid requiring a court to substitute its judgment for that of the professional board of a hospital as to the capacity of the professional whose privileges are in question. The *Barrows* court pointed out that recent legislation limiting the liability of persons serving on review boards of hospitals (Ill. Rev. Stat. 1985, ch. 111, par. 4406; Ill. Rev. Stat. 1985, ch. 111½, par. 151.2) indicated a public policy for continuing the above general rule.

The thrust of plaintiff's theory in this case is that, here, granting judicial review of the decision to refuse to reinstate plaintiff's privileges to take histories and give physical examinations would not require courts to substitute their judgment of his competence for that of professional peers. Rather, he contends courts would be passing upon the legal limitations on defendant's power to allow those privileges. The uncertainty of defendant's power to do so was the stated reason given by defendant for the withdrawal of those privileges.

In considering plaintiff's theory, we note at the outset that, as indicated in *Barrows*, the rule against judicial review is strong. A well-recognized limitation on the rule is, as mentioned in *Barrows*, that when privileges are taken away, courts will examine the question as to whether the hospital constitution and bylaws were violated. (*Gates v. Holy Cross Hospital* (1988), 175 Ill. App. 3d 439, 529 N.E.2d 1014; *Rao v. St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis* (1986), 140 Ill. App. 3d 442, 488 N.E.2d 685.) The *Barrows* opinion leaves open the question of whether judicial review is available if the denial of privileges arises from fraud, antitrust law violation, or conspiracy. There, the supreme court, after reviewing the appellate court, remanded the case to the appellate court to consider the sufficiency of the counts of the complaint making those charges. The supreme court considered those issues to be inadequately briefed for their decision.

■ Moreover, plaintiff's theory he is entitled to relief is based upon the enactment of the stated legislation and administrative regulation concerning grant of privileges to dentists. These were not in force when defendant is alleged to have revoked plaintiff's privileges. Plaintiff does not contend defendant acted improperly under the law at the time of the revocation. Rather, he contends that privileges should have been restored when later requested. However, the complaint does not set forth that defendant issued any statement that lack of authority was the reason for denying reinstatement. Furthermore, we know of no rule which requires that, when privileges are re-

voked for a particular reason, they must be restored when that reason no longer exists. Under the facts alleged, defendant's evaluation committee, as long as it followed its constitution and bylaws, was not limited in its reasons for denying reinstatement. No such violation of constitution or bylaws is claimed.

Accordingly, the purely legal question of whether the present legislation and regulation permit defendant to reinstate plaintiff's privileges is not presented. Nor does plaintiff dispute the propriety of the procedure followed when plaintiff's privileges were revoked in 1984. Rather, the issue is whether a private hospital can refuse to reinstate former privileges after the reason earlier given for revocation of the privileges no longer exists. On the basis of the cited precedent, we conclude a private hospital may do so.

No valid reason for making an exception to the general rule of nonreviewability exists here. We affirm the judgment dismissing the complaint.

Affirmed.

McCULLOUGH, P.J., and LUND, J., concur.