WARREN F. SPENCER, M. D., Plaintiff-Appellant, *v.* THE COMMUNITY HOSPITAL OF EVANSTON *et al.,* Defendants-Appellees.

First District (1st Division)    No. 79-1023

Opinion filed July 21, 1980.—Rehearing denied August 26, 1980.

Ellis E. Reid, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Michael Davis, Hugh C. Griffin, and Thomas C. Walsh, of counsel), for appellees The Community Hospital of Evanston, Leo F. Hickman, and Dr. Harry P. Elam.

Leo E. Holt, of Harvey, for other appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Warren Spencer, M.D. (plaintiff), brought suit against the Community Hospital of Evanston and its various directors (defendants) for injunctive relief (count I) and damages for libel (count II). Separate motions to dismiss were filed. The trial court dismissed the amended complaint for failure to state a cause of action. Plaintiff appeals.

We will summarize and separately consider the allegations of both counts of the amended complaint. The pertinent facts alleged in the amended complaint and contained in appended exhibits are accepted as true when ruling upon a motion to dismiss. *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 284, 402 N.E.2d 599.

## Count I.

Count I alleges since January 1974, plaintiff was chief of the medical staff of the hospital, an Illinois not-for-profit corporation. The hospital adopted and amended its bylaws from time to time. Count I alleged the bylaws were appended as Exhibit "A". Actually, there is no such exhibit attached to the original or amended complaints. Plaintiff alleges defendants "wrongfully conspired" to suspend him and deny him staff privileges. At a meeting on September 9, 1974, defendants "unlawfully passed certain resolutions without regard to the bylaws" then in effect.

Plaintiff further alleges on September 19, 1974, defendants convened a special meeting of the board of directors. They voted to rescind the action taken on September 9, in regard to the plaintiff. Defendants then

"purported to amend the by-laws * * * without proper notice * * *." The board received a "Report and Proposal of the Chairman of the Medical Joint Conference Committee and Executive Vice President" making charges against plaintiff and proposing his medical staff privileges be reduced, suspended, or terminated or his staff appointment be terminated. The charges made on September 19 were the same charges made on September 9. The board then notified plaintiff of this proposal and ordered a hearing on the charges if plaintiff demanded one. The minutes of this meeting were attached as an exhibit to plaintiff's original complaint. They include a fragment of the new resolution thus adopted.

The amended complaint alleges eight respects in which plaintiff's right to "elementary due process" was violated. These allegations include "malicious and/or arbitrary and capricious" actions against plaintiff; inconsistencies in the bylaws; inadequate time to prepare a defense and "malicious and/or arbitrary rulings" by defendants. Plaintiff also alleges the hearings were concluded in accordance with ad hoc procedural rules "illegally and arbitrarily announced by the defendants." The amended complaint prayed preliminary and permanent injunctive relief.

The allegations of plaintiff's original complaint are well summarized in a previous opinion by this court. (*Spencer v. Community Hospital* (1975), 30 Ill. App. 3d 285, 332 N.E.2d 525.) This opinion shows the trial court denied plaintiff's motion for a preliminary injunction but directed a postponement of the hearings until November 5, 1974. It also appears the hearings commenced November 11, 1974. After 25 sessions, the hearings were completed on February 18, 1975. Plaintiff was served with notice of the decision of the directors on March 31, 1975. The previous opinion of this court was filed in plaintiff's appeal from denial of a preliminary injunction. The appeal was dismissed as moot.

It further appears the defendants ruled plaintiff was removed from his post as chief of staff for one year and suspended from medical privileges at the hospital for three months which was to be followed by a probationary period of three months.

■■ The accepted rule in Illinois is that staff decisions of private hospitals are generally not subject to judicial review. (*Jain v. Northwest Community Hospital* (1978), 67 Ill. App. 3d 420, 427, 385 N.E.2d 108, *appeal denied* (1979), 75 Ill. 2d 591.) However, "where a physician's existing staff privileges are revoked or reduced, a private hospital must follow its own bylaws in doing so or be subject to limited judicial review." (*Jain,* 67 Ill. App. 3d 420, 425, and cases there cited; *Treister v. American Academy of Orthopaedic Surgeons* (1979), 78 Ill. App. 3d 746, 755, 396 N.E.2d 1225, *appeal denied* (1980), 79 Ill. 2d 630.) Thus, the issue before this court is whether plaintiff's amended complaint alleges failure of the

Community Hospital of Evanston, a private institution, to follow its own bylaws in suspending the plaintiff.

Plaintiff alleges at the September 9 meeting defendants passed a resolution in contravention of the then existing bylaws. It is unnecessary to determine whether this action was actually a violation because it was rescinded by the directors at the September 19 meeting.

Plaintiff makes several allegations which cannot be substantiated by the record before us. In a letter to the secretary of the board of directors, plaintiff referred to "flagrant abuse[s] of the then existing Corporate Bylaws * * *." This letter was attached as an exhibit to the original complaint. Plaintiff also states in the letter, "the amendment passed on September 19th is nonconforming in almost all respects." In the amended complaint plaintiff alleges defendants purported to amend the bylaws without proper notice and took immediate action regarding the charges under the new amendment. However, we are unable to pass upon these contentions. Plaintiff has failed to furnish us with the bylaws in dispute. Plaintiff as appellant in this court has the duty to furnish a complete record on appeal. (*H. Vincent Allen & Associates v. Weis* (1978), 63 Ill. App. 3d 285, 296, 379 N.E.2d 765, *appeal denied* (1979), 72 Ill. 2d 582.) A reviewing court is unable to determine if error was committed in the trial court unless the evidence relied upon appears in the record. *O'Brien v. Walker* (1977), 49 Ill. App. 3d 940, 948, 364 N.E.2d 533.

In addition, plaintiff contends defendants violated his right to due process in several respects. The record reflects plaintiff participated in hearings which continued for 22 consecutive nights. Defendants state in their brief, without contradiction by plaintiff, that in most of these hearings plaintiff was represented by his present counsel. Plaintiff was furnished a copy of the charges and a copy of the new amendment to the bylaws. We have before us no factual allegations by plaintiff as to violation of his due process rights and no reference by plaintiff to any such violation at any stage of the hearings. Under these circumstances, we have no alternative but to affirm the trial court's order of dismissal. Count I of the amended complaint fails to state a cause of action.

■■ The record reflects defendants filed their answer to count I on August 23, 1977. They filed a motion to dismiss count I under section 45 of the Civil Practice Act on August 4, 1978, on the ground the case was moot. The order of dismissal was entered May 29, 1979. Plaintiff contends defendants waived their right to file a motion to dismiss when defendants filed their answer. Defendants respond plaintiff did not raise this issue in the trial court and is thus precluded from raising it for the first time on appeal.

We agree with defendants' contentions. There is nothing in the

record which shows this point was raised in the trial court in any manner. The supreme court has strongly held "that questions not raised in the trial court will not be considered by this court on appeal." *Brown v. Lober* (1979), 75 Ill. 2d 547, 556, 389 N.E.2d 1188, and additional authorities therein cited.

Defendants' motion to dismiss count I raises only the ground of mootness. The order of dismissal was predicated upon failure of plaintiff's amended complaint "to state a cause of action." We affirm the dismissal of the amended complaint for the reason stated in this order. Although an appellant may not raise a contention for the first time on appeal, the appellee may urge any point reflected by the record in support of the judgment on appeal. (*Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 248, 246 N.E.2d 285.) We agree with the result reached by the trial court.

## Count II.

Count II brings a claim for libel against the hospital, Harry Elam, M.D., chairman of the Medical Joint Conference Committee, and Leo Hickman, executive vice president. It adopts the allegations of count I. It also alleges on September 9, September 19, and "various other times" defendants "maliciously and wickedly" contrived to injure and destroy plaintiff's reputation, to cause plaintiff to be regarded as a person unfit to perform the duties of his position and to prejudice and injure plaintiff with the hospital.

Plaintiff alleges defendants Elam and Hickman "falsely, maliciously, and wrongfully wrote and published a certain false, defamatory, malicious, and scandalous libel" concerning the plaintiff, being the report described in count I. Defendants "falsely" represented this report was the result of a legitimate survey of hospital records when "in truth and in fact" it was the work product of defendants in their efforts to harm and damage plaintiff.

Plaintiff alleges those matters expressed in the report were "false, defamatory, malicious, and scandalous." By said writing defendants intended to and did charge plaintiff was incompetent and unfit to perform the duties of his position. Plaintiff charged the hospital gave defendants Elam and Hickman actual authority or negligently gave them apparent authority to do this. Plaintiff alleges the report was "received and read by the public in general and by officers and agents" of the hospital and "greatly injured" plaintiff.

The report in question states it was prepared at the request of the executive committee of the board of directors for information concerning the medical care rendered in the hospital by four primary admitting physicians, one of whom was the plaintiff.

The report, signed by defendants Elam and Hickman, charged

plaintiff with failure to see patients with sufficient frequency during hospitalization; failure to attend patients in accordance with certain applicable regulations; failure to do progress notes in a timely, adequate, and proper manner; failure to obtain appropriate and timely medical consultations; "failure properly to utilize or consider advice given by medical consultants and basis thereof"; failure to cooperate with the Utilization Review Committee and/or failure to complete records to justify continued hospitalization; improper or excessive prescription of narcotics; improper or excessive prescription of steroids and antibiotics; improper medical treatment of patients; and following improper surgical procedures. Medical chart numbers corresponding to the charges were listed. The report also stated:

> "Our review revealed a number of cases in which the hospital records for the last two years appear to reflect serious breaches of accepted medical practice on the part of Dr. Warren F. Spencer [plaintiff]. In our opinion, the quality of Dr. Spencer's medical care reflected in these records poses a serious threat to the life and health of hospital patients under his care and substantial risk of financial liability on the part of the hospital."

Defendants assert count II was properly dismissed under the conditional privilege rule. We agree.

The elements of a conditionally privileged communication are set forth in *Judge v. Rockford Memorial Hospital* (1958), 17 Ill. App. 2d 365, 377, 150 N.E.2d 202, *appeal denied* (1958), 14 Ill. 2d 631: "[G]ood faith by the defendant, an interest or duty to be upheld, a statement limited in its scope to that purpose, a proper occasion, and publication in a proper manner and to proper parties only."

Other cases to the same effect are *Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 349, 243 N.E.2d 217, and *Myers v. Spohnholtz* (1973), 11 Ill. App. 3d 560, 567, 297 N.E.2d 183, *appeal denied* (1973), 54 Ill. 2d 593.

■ The issue of whether a libelous communication is conditionally privileged is a question of law for the court. (*Myers*, 11 Ill. App. 3d 560, 567.) We find all of these essentials are satisfied in the case at bar.

The hospital had a strong interest in ascertaining the quality of medical care rendered by its admitting physicians. Elam and Hickman each were required to assess this matter fully and frankly in discharge of their duty to comply with the board's direction to investigate and report.

In regard to a proper occasion, the report states it was prepared pursuant to a request from the executive committee of the board of directors to review the medical care rendered by admitting physicians. Plaintiff's amended complaint contains no allegation to negative this result.

The purpose of the report was to ascertain the quality of health care rendered. The report pertained to three admitting physicians other than plaintiff. The report did not go beyond the boundaries of its purpose. It cited many charts by their hospital number.

The only alleged publication by defendants was to the board of directors who had requested the report as part of their duty. Plaintiff alleges the report was "received and read by the public in general," but there is no allegation defendants or any of them published the report to the public.

A reviewing court will look at several sources in determining whether defendants acted in good faith: the face of the report, the occasion on which it was written, conduct of defendants in connection with the report, and the relationship between the publishers and recipients. (*Myers*, 11 Ill. App. 3d 560, 569.) There are no facts alleged in count II of the amended complaint to show defendants did not write and publish the report in good faith. Words such as "falsely" and "maliciously" used to describe the acts or intent of the defendants are "pure conclusions of the pleader * * *, are meaningless and add nothing to the complaint without some further allegations of specific facts." (*Roemer v. Zurich Insurance Co.* (1975), 25 Ill. App. 3d 606, 612, 323 N.E.2d 582.) The good faith of the defendants who prepared the report is evidenced by all of the factors above listed. The report served a legitimate interest of the hospital and its officials; it was properly submitted to the directors; and its factual content was the subject of extended hearings.

Once it appears the communication is conditionally privileged, the burden is on plaintiff to prove actual or express malice which would abuse the privilege. (*Myers*, 11 Ill. App. 3d 560, 569.) Abuse occurs if the publisher does not believe in the truth of the defamatory matter or has no grounds for believing it to be true. (*Myers*, 11 Ill. App. 3d 560, 569; *Zeinfeld*, 41 Ill. 2d 345, 350.) There is no allegation before us that such abuse occurred here. "[B]are conclusions regarding malice and intent [must] 'be clothed with factual allegations from which the actual malice might reasonably be said to exist.' " (*Roemer*, 25 Ill. App. 3d 606, 613, quoting *Segall v. Lindsay-Schaub Newspapers, Inc.* (1966), 68 Ill. App. 2d 209, 214, 215 N.E.2d 295.) In our opinion, count II of the amended complaint fails to state a cause of action.

Defendants' motion to dismiss was filed on November 4, 1974. That motion was not called up for hearing until some time in 1978. Plaintiff contends defendants waived their motion to dismiss by failing to request a hearing within 90 days of filing. Plaintiff cites Rule 2.3 of the Rules of the Circuit Court of Cook County, which provides:

"If any such motion is not called for hearing within 90 days from

the date it is filed, the court may enter an order overruling or denying the motion by reason of the delay."

Plaintiff also urges the motion to dismiss was filed in 1974 in response to the original complaint and no new motion was filed against the amended complaint. Neither of these points was ever raised in the trial court by plaintiff. Thus, as above shown, they are waived on review and need not be considered.

■ Plaintiff's reply brief filed June 9, 1980, includes an appendix consisting of 16 pages of assorted newspaper clippings. This court took with the case the motion of defendants to strike the reply brief. We reject plaintiff's contention that we may take judicial notice of the contents of this appendix pursuant to *Finish Line Express, Inc. v. City of Chicago* (1978), 72 Ill. 2d 131, 379 N.E.2d 290. The appendix to the plaintiff's reply brief is accordingly stricken. The reply brief itself may stand and its contents have been duly considered by this court.

The order dismissing plaintiff's amended complaint is affirmed.

Order affirmed.

O'CONNOR and CAMPBELL, JJ., concur.