(No. 57279.—

BERNARD ALLEN FRIED, Appellant, v. WALTER JACOBSON *et al.*, Appellees.

*Opinion filed December 1, 1983.*

CLARK and SIMON, JJ., took no part.

Bernard Allen Fried, *pro se*, and Robert A. Korenkiewicz, both of Chicago, for appellant.

Reuben & Proctor, of Chicago (Lawrence Gunnels, Samuel Fifer, Charles C. Post, and Barry Ginsberg, of counsel), for appellees.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Bernard Allen Fried, an attorney, filed this libel action in the circuit court of Cook County seeking

damages against defendants, Walter Jacobson, Susan Anderson, William Kurtis, Columbia Broadcasting System, Inc., and WBBM-TV CBS television station, a division of Columbia Broadcasting System, Inc. The circuit court granted the defendants' motion for judgment on the pleadings and the appellate court unanimously affirmed (107 Ill. App. 3d 780). We allowed plaintiff's petition for leave to appeal.

The series of broadcasts upon which the complaint was based were aired by the defendant, Columbia Broadcasting System, Inc., during February 7, 1977, through December 20, 1977. The broadcasts, in general, focused on tax-delinquent properties owned by churches and other charitable organizations, including plaintiff's clients. The alleged libelous statements are summarized in the appellate court opinion and, because of our disposition, need not be reiterated here.

Plaintiff contends that the defendants wrongfully, maliciously, and with the intent to defame and injure him personally and professionally, published false and defamatory broadcasts which imputed want of integrity to him as an attorney and which prejudiced him in his profession. Specifically, the plaintiff alleges that the defendants charged him with conduct that amounts to a violation of the Code of Professional Responsibility and the crimes of forgery, embezzlement, fraud, and deceit. Plaintiff does not aver any special damages and, thus, his right to recover rests upon whether the alleged libelous broadcasts are actionable as a matter of law. *Strauss v. Meyer* (1868), 48 Ill. 385, 388; *Whitby v. Associates Discount Corp.* (1965), 59 Ill. App. 2d 337, 343.

The trial court concluded that "(a) the broadcasts complained of are capable of an innocent construction and are nonactionable as a matter of law, and (b) the broadcasts do not constitute a libel *per se* of the plaintiff in his capacity as an attorney" and dismissed the com-

plaint. The appellate court affirmed, holding that the broadcasts were not libelous *per se.*

An action for defamation based on libel *per se* requires that the words used are in and of themselves so obviously and naturally harmful that proof of special damages is unnecessary. (*Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 348.) In Illinois, under the common law, four classes of words, if falsely communicated, give rise to a cause of action for defamation without a showing of special damages. They are:

"1. Those imputing the commission of a criminal offense;

2. Those imputing infection with a communicable disease of any kind which, if true, would tend to exclude one from society;

3. Those imputing inability to perform or want of integrity in the discharge of duties of office or employment;

4. Those prejudicing a particular party in his profession or trade." *Whitby v. Associates Discount Corp.* (1965), 59 Ill. App. 2d 337, 340, cited with approval in *Coursey v. Greater Niles Township Publishing Corp.* (1968), 40 Ill. 2d 257, 261.

The foregoing is the law of this State except where changed by statute. "An Act to revise the law in relation to libel and slander" (Ill. Rev. Stat. 1977, ch. 126, par. 1 *et seq.*) enlarged the classifications enumerated above by providing that false accusations of fornication, adultery and false swearing are actionable as a matter of law.

The "rule of innocent construction" has been employed to determine whether the particular language used constitutes libel *per se.* The rule arose from *obiter dictum* in *John v. Tribune Co.* (1962), 24 Ill. 2d 437, *cert. denied* (1962), 371 U.S. 877, 9 L. Ed. 2d 114, 83 S. Ct. 148. In *John,* the court stated:

"We further believe the language in defendant's articles is not libelous of plaintiff when the innocent construction rule is consulted. That rule holds that the article is

to be read as a whole and the words given their natural and obvious meaning, and requires that words allegedly libelous that are capable of being read innocently *must* be so read and declared nonactionable as a matter of law." (Emphasis added.) 24 Ill. 2d 437, 442.

In the instant case, it appears that both the circuit and appellate courts relied upon the rule as announced in *John*. However, this court modified the rule approximately four months after the appellate court rendered its opinion. See *Chapski v. Copley Press* (1982), 92 Ill. 2d 344.

In *Chapski*, it was determined that the rule, as originally announced, was not applied in a uniform manner. Inconsistency, inequity, and confusion resulted from dozens of appellate court cases interpreting and applying the rule. The principal criticism being that, because of the rule's mandatory language, courts generally strained to find innocent meanings of words where a defamatory meaning was far more reasonable. Therefore, this court was persuaded that a modification of the rule was necessary to protect the individual's interest in vindicating his good name and reputation, while allowing the first amendment guarantees that "breathing space" essential to their faithful exercise. (92 Ill. 2d 344, 350-51.) The rule, as modified, is:

"[A] written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff it cannot be actionable *per se.* This preliminary determination is properly a question of law to be resolved by the court in the first instance; whether the publication was in fact understood to be defamatory or to refer to the plaintiff is a question for the jury should the initial determination be resolved in favor of the plaintiff." 92 Ill. 2d 344, 352.

As above noted, it appears that the trial and appellate courts did not apply the rule as modified by *Chapski*. The plaintiff here should have the opportunity to have the trial

court make that determination.

For the above reasons, the judgments of the appellate and circuit courts are vacated and the cause is remanded to the circuit court of Cook County for further proceedings consistent with the views expressed herein.

*Judgments vacated;*
*cause remanded.*

CLARK and SIMON, JJ., took no part in the consideration or decision of this case.