THERESA ANN MEYER, Plaintiff-Appellant, *v.* MARION ALLEN, Defendant-Appellee.

Fourth District    No. 4—84—0150

Opinion filed August 27, 1984.

Roger L. Prillaman, of Urbana, for appellant.

Moore & Associates, of Champaign, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On September 15, 1983, plaintiff, Theresa Ann Meyer, filed a complaint in the circuit court of Champaign County alleging that defendant, Marion Allen, had made certain defamatory remarks "of and concerning" plaintiff. Following a hearing held on January 23, 1984, the trial court granted defendant's motion and dismissed the complaint with prejudice.

On appeal, plaintiff maintains that defendant's remarks constitute slander *per se* and the trial court erred in applying the innocent-construction rule.

The complaint contained the following allegations. Plaintiff was a registered dietician with the American Dietetics Association and, prior to defendant's allegedly defamatory remarks, she had enjoyed the esteem and good opinion of her neighbors. On December 18, 1982, defendant made certain remarks in the presence of 5 to 10 employees of the Family Tree Health Care Center (Center). Defendant, as paraphrased, stated: "[Plaintiff] left us at a bad time. She left us in a bad position. She left the kitchen in a dirty condition. She resigned without reason."

The complaint also alleged that (1) defendant made the foregoing

remarks even though plaintiff was "involuntarily terminated" from her employment at the Center, and (2) during her employment at the Center from March 23, 1982, to December 17, 1982, plaintiff had fulfilled her "professional duty" to properly maintain the Center's kitchen in a "clean and sanitary manner in accordance with corporate, state, and federal standards."

Counts I and II of the complaint contain virtually the same allegations. Count I requests general damages. Count II further alleges that plaintiff was terminated from her employment because she was pregnant and defendant made the allegedly defamatory remarks in order to "create a pretext" for plaintiff's absence. Count II requests punitive, as well as compensatory, damages.

Plaintiff does not aver any special damages and, thus, her right to recover rests upon whether the allegedly defamatory statements are actionable *per se. Fried v. Jacobson* (1983), 99 Ill. 2d 24, 457 N.E.2d 392.

Plaintiff alleges that defendant's remarks were defamatory because (1) such remarks indicate that she was "professionally unreliable" in that she voluntarily left her employment without reason at a time when she was needed and failed to properly maintain the Center's kitchen in a "clean and hygienic manner," and (2) plaintiff was prejudiced in her profession as a registered dietician by such remarks. Allegations that a statement (1) falsely imputes plaintiff's inability to perform or want of integrity in the discharge of duties of her office or employment, and (2) falsely prejudices plaintiff in her profession or trade are sufficient to support a defamation action against the person making the statement. (*Whitby v. Associates Discount Corp.* (1965), 59 Ill. App. 2d 337, 207 N.E.2d 482.) Accordingly, we must determine whether defendant's remarks imputed to plaintiff an inability to perform the duties of her employment or prejudiced plaintiff in her profession.

In making this determination, we must apply the innocent-construction rule as set forth by the supreme court in *Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 442 N.E.2d 195. In *Chapski*, the supreme court stated:

> "[A] written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff it cannot be actionable *per se*. This preliminary determination is properly a question of law to be resolved by the court in the

first instance." 92 Ill. 2d 344, 352, 442 N.E.2d 195, 199.

Applying the *Chapski* innocent-construction rule to the facts before us, we conclude that the allegedly defamatory statement may reasonably be read as not imputing a lack of ability on plaintiff's part and as not prejudicing plaintiff in her profession. We believe that defendant's remarks, considered in context, indicate that (1) plaintiff chose to resign from her employment position without stating a reason for doing so, (2) plaintiff resigned at an inconvenient time for her employer, and (3) at the time plaintiff left, the Center's kitchen was dirty. Defendant did not say that plaintiff had no valid reason for leaving or that plaintiff had consistently failed to keep the Center's kitchen clean in the past or would not have kept it clean in the future. Because the remarks do not impute to plaintiff an inability to perform the duties of her employment and do not prejudice plaintiff in her profession, we conclude defendant's remarks are not actionable as a matter of law.

For the reasons stated herein, we affirm.

Affirmed.

MILLS, P.J., and MILLER, J., concur.