DR. DEAN C. DAUW *et al.*, Plaintiffs-Appellants, v. KENNEDY & KENNEDY, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 83—1779

Opinion filed December 24, 1984.—Rehearing denied February 21, 1985.

Earl Schneider, of Schneider & Morrison, Ltd., of Chicago, for appellants.

Pamela Strobel, of Isham, Lincoln & Beale, of Chicago, for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Summary judgment was entered in favor of defendants Kennedy & Kennedy, Inc., and James H. Kennedy and against plaintiffs Dr. Dean C. Dauw and Human Resource Developers, Inc., an Illinois corporation, on count I of the plaintiffs complaint, which alleged that defendants published a statement constituting libel *per se*.

This appeal followed.

It appears from the record that defendants are publishers of Consultant News, a monthly newsletter which is circulated to subscribers in the career consulting and placement business in Illinois, the United States, and Canada. In the August 1978 issue, the following article appeared:

> " 'Executive recruiter pledges much—and keeps the fee'—headline in Chicago paper overruns story on Executive Careers alumnus *Dean C. Dauw* & his Human Resource Developers (also does some sex counseling) *** detailing how he charges only $795.00 vs. reported $2,500.00 at Richard/Allen/Winter and other placement/counseling shops.
>
> (CN) Comment: More evidence of cross that true recruiters must bear when confused with schlock operations."

Plaintiffs brought suit alleging that the above article was libel-

ous *per se* in that the use of the phrase "schlock operations" disparaged the plaintiffs in their professional capacities. The amended complaint alleged that the Consultant News is sold and circulated generally throughout the United States and Canada, and that plaintiff, Dr. Dean C. Dauw, is a practicing pyschologist, author, lecturer and associate professor in the graduate school of a local university. The plaintiff, Human Resource Developers, Inc., is an Illinois corporation employing psychologists, including Dr. Dauw, and is engaged in the field of assisting individuals seeking executive career counseling or job counseling. Both parties filed motions for summary judgment. Defendants claimed that the Consultant News article reported information from an article published in the Chicago Sun-Times.

Plaintiffs were unable to properly plead a case in libel *per se* in count I, and the court granted summary judgment in favor of defendants and permitted plaintiffs to attempt to advance a theory of libel *per se* by the filing of an amended complaint adding a count II to plead special damages. This court has been advised by appellees' brief that plaintiffs took a voluntary nonsuit on count II.

In the course of the hearing on plaintiffs' motion to reconsider, the court observed that its independent research disclosed that "the word 'schlock' has never been defined in any English-speaking court anywhere." The court noted that there was a store in Fort Lauderdale, Florida, wherein such term was used in the name of the business and that the proprietor indicated in a telephone call that the term meant a "conglomeration of collected items of little use such as stored in an attic or sold at a cheap price." The name of the store is protected and registered.

The court also consulted various dictionaries, including a Yiddish dictionary by Leo Rosten, and some of them had derogatory meanings attached to the word. The court also considered the cases in the jurisdictions of New York, California, Illinois and Florida, and in none of those jurisdictions had the word "schlock" ever been the subject of a libel action. The court felt that the word "schlock" can be construed as having such various meanings as inferior, bargain, fire sale or distressed merchandise. Thereafter, the court denied the motion to reconsider the granting of summary judgment in favor of defendants as to count I.

Plaintiffs do not aver any special damages, and thus their right to recover rests upon whether the alleged libelous matters are actionable as a matter of law. (*Fried v. Jacobson* (1983), 99 Ill. 2d 24.) In *Fried*, the supreme court declared that "under common law, four classes of words, if falsely communicated, give rise to a cause

of action for defamation without a showing of special damages. They are:

"1. Those imputing the commission of a criminal offense;

2. Those imputing infection with a communicable disease of any kind which, if true, would tend to exclude one from society;

3. Those imputing inability to perform or want of integrity in the discharge of duties of office or employment;

4. Those prejudicing a particular party in his profession or trade." 99 Ill. 2d 24, 27.

In *Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 352, 442 N.E.2d 195, the supreme court stated as follows: "We therefore hold that a written or oral statement is to be considered in context, with the words and implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff it cannot be actionable *per se*. This preliminary determination is properly a question of law to be resolved by the court in the first instance."

On appeal, plaintiffs assert that the trial court erred in innocently construing the phrase "schlock operations." Plaintiffs contend that such construction under *Chapski* is neither natural nor obvious and is strained and unreasonable and contravenes the rule exemplified by *Chapski*.

According to plaintiffs, the article was libelous *per se* in that it disparaged the plaintiffs in their professional capacities. The trial court rejected this contention and determined that the amended complaint was insufficient as a matter of law to state a claim for *libel per se*. Plaintiffs assert that, under *Chapski*, it is apparent that "schlock" is being used to connote something that is untrue, false, phoney or inferior.

Plaintiffs have cited as support for their position The Joys of Yiddish, by Leo Rosten, as follows:

"shlock
schlack
schlock

Rhymes with ·'clock.' Schlock is both an adjective and a noun. From German: Schlag: a 'blow'; perhaps the Yiddish means merchandise that has been 'knocked around.'

1. A shoddy, cheaply made article. 'It's a piece of schlock.' 'Where did you buy that? In a schlock-house?'

2. A defective or fake article; an object one was cheated

over. 'That watch will never keep time. It's schlock merchandise.'

    3. A disagreeable, peevish person.

    4. A shrew, a whining wife, a yenta—and a slob, to boot. 'His beloved? There's a shlock of a girl.' "[1]

Plaintiffs do not specify which of the above definitions offer support for their cause of action, and we note in a later work by the same author[2] that the phrase "a shoddy cheap article" is employed as one definition which tends to negate the position of the plaintiffs.

    The trial court also rejected plaintiffs' contention that it was unreasonable to construe defendants' statements innocently, given the context in which they appear, and their natural and obvious interpretation. Isolated words may not be taken out of context to reach a conclusion that the language is actionable *per se.* (*Crinkley v. Dow Jones* (1983), 119 Ill. App. 3d 147, 456 N.E.2d 138.) We agree that the trial court's determination that defendants' remarks are not actionable as a matter of law and the authorities on which plaintiffs rely are unpersuasive in the light of the supreme court's rule as stated in *Chapski* and *Renard v. Columbia Broadcasting System, Inc.* (1984), 126 Ill. App. 3d 563, 467 N.E.2d 1090. (See also *Meyer v. Allen* (1984), 127 Ill. App. 3d 163, 468 N.E.2d 198.) None of the definitions provided by plaintiffs provide a basis to reject the trial court's determination as a matter of law that the language employed is not actionable *per se.*

    We therefore hold that the trial court's order granting summary judgment in favor of defendants was proper, and the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.

---

[1] L. Rosten, The Joys of Yiddish 353 (Washington Square Press, Simon & Schuster, New York, 1970).

[2] L. Rosten, Hooray for Yiddish, a Book about English 288 (Simon & Schuster, Inc., 1982).