**Ronald BUCHANAN, Plaintiff,**

v.

**SERBIN FASHIONS, INC., Defendant.**

**No. 87 C 5739.**

United States District Court,
N.D. Illinois, E.D.

Nov. 4, 1988.

Vicki Lafer Abramson, Vicki Lafer Abramson & Associates, Chicago, Ill., for plaintiff.

Michael E. Tabor, Glenn F. Fencl, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Ronald Buchanan left his job as a salesman for Serbin Fashions, Inc., a Tennessee-based corporation, in June 1984. Serbin had hired Buchanan in 1982 to work out of Serbin's Chicago office. Buchanan's supervisor during that time was Gary Grossbeck. Buchanan claims that he worked diligently and satisfactorily for Serbin right up to the time of his resignation, and increased his sales of Serbin's products yearly.

Nearly two years after leaving Serbin, Buchanan travelled from his home in Skokie, Illinois, for a job interview with Condor, Inc. Condor wanted a salesman for the Chicago area, and Buchanan was very in-

terested. The interview took place in New York City. Buchanan met with Kiev Weinstein, who described the duties of a Condor salesman and questioned Buchanan about his work and salary requirements. Weinstein then asked Buchanan for an employment reference. Buchanan told him to contact Grossbeck, who was working for Serbin in New York at the time.

Weinstein decided to call Grossbeck immediately, and asked Buchanan to leave the room. Buchanan returned nearly twenty minutes later. Weinstein related that Grossbeck had said that Buchanan had been unreliable in his job duties while at Serbin, that Buchanan had a drinking problem, and that he had heard Buchanan was going through a divorce. Buchanan denied all of these things to Weinstein, although he admitted that he had received treatment for an alcohol problem that arose after he had left Serbin.

Weinstein told Buchanan that he would get back to him about the Condor position within one week. Buchanan never heard from Weinstein again. Buchanan thus filed suit against Serbin in this court, alleging that Grossbeck acted within the scope of his employment with Serbin to defame him and intentionally interfere with his reasonable expectation of a job with Condor. Serbin has filed a motion to dismiss both of Buchanan's claims under Rule 12(b)6, Fed. R.Civ.P.[1] This court will thus accept as true all of Buchanan's allegations that are stated in his Amended Complaint, which the court has recounted above.

Serbin first contends that, contrary to Buchanan's allegations, none of Grossbeck's statements are defamatory per se. Under Illinois law, there are four categories of statements that are defamatory per se: (1) those imputing the commission of a criminal offense; (2) those imputing infection with a communicable disease that would tend to cause the exclusion of the infected person from society; (3) those im-

puting an inability to perform or a want of integrity in the discharge of duties of office or employment; and (4) those prejudicing a particular person in his profession or trade. See *Fried v. Jacobson*, 99 Ill.2d 24, 27, 75 Ill.Dec. 398, 400, 457 N.E.2d 392, 394 (1983). Buchanan asserts that Grossbeck's statements to Weinstein fall into the third category. See Amended Complaint, ¶¶ 11, 13. In dicta, Illinois courts have interpreted the word "inability" as used in this category its plain meaning. See *Valentine v. No. Amer. Co. for Life & Health Ins.*, 16 Ill.App.3d 277, 281, 305 N.E.2d 746, 748 (1973), aff'd, 60 Ill.2d 168, 328 N.E.2d 265 (1974) (interpreting "inability" to mean " 'want of ... qualities or skill,' " citing Restatement (Second) of Torts § 573, comment d (1965); but note that Valentine brought his case under the fourth *Fried* category of statements that are defamatory per se).

■ When interpreting a word or a phrase to determine if it is defamatory under Illinois law, a court must keep in mind Illinois' "innocent construction" rule, described as follows in *Chapski v. Copley Press*, 92 Ill.2d 344, 352, 65 Ill.Dec. 884, 888, 442 N.E.2d 195, 199 (1982):

> [A] written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff it cannot be actionable *per se.*

Mindful of this rule, this court turns to Grossbeck's three statements. Grossbeck's claim that Buchanan was unreliable in the performance of his job duties, in the context of an employment reference, charges inability on Buchanan's part to be a salesman. This court is not able to derive a reasonable innocent interpretation of

---

**1.** Because of some ambiguities contained in Buchanan's Amended Complaint, this court asked the parties what law governs this case. Both sides briefed the matter and came to the conclusion that Illinois law controls. This court will adopt the parties' choice without addressing

their specific arguments. See *City of Clinton, Ill. v. Moffitt*, 812 F.2d 341, 342 (7th Cir.1987) (parties can, within broad limits, stipulate to choice of law). Their briefs were, however, well written and cogent.

this statement, and so it survives Serbin's motion to dismiss. Similarly, Grossbeck's statements as to Buchanan's drinking problems impute a lack of ability to be a salesman, and are not susceptible to a reasonable innocent construction in the context of a job reference.

Grossbeck's statement about Buchanan's marital problems, by contrast, fall short of imputing that Buchanan was unable to perform as a salesman. Unlike a quality such as unreliability or a condition such as alcoholism, divorces usually are short, confined events. Buchanan alleges nothing that suggests Grossbeck accused him of having an unusual divorce, or of making a habit of marital separation. This court must interpret Grossbeck's words according to the innocent construction doctrine, and in this case his accusation, however false, has such a construction.[2]

Serbin next raises two defenses to Buchanan's defamation claim. Serbin first submits that Buchanan's admission in ¶ 7 of his Amended Complaint that he has been treated for alcoholism constitutes an admission of the truth of Grossbeck's statement. Serbin then argues that Grossbeck's communication with Weinstein was privileged. Both arguments miss the mark, largely because of the posture of this case. Buchanan asserts in ¶ 7 that he did not have an alcohol problem while working for Serbin. Serbin can disagree with this, but a motion to dismiss is not the proper way to resolve a factual dispute.

Similarly, Serbin's claim of a privilege rests on facts that Buchanan has not alleged in his Amended Complaint. Under Illinois law, a communication is privileged if the defendant made it in good faith, aware of an interest or a duty to be upheld, in a manner that was limited in its scope to that purpose. Additionally, he or she must make it on a proper occasion, in a proper manner, and to proper parties only. See *Zeinfeld v. Hayes Freight Lines, Inc.*, 41 Ill.2d 345, 349, 243 N.E.2d 217, 221 (1968). Serbin asserts that Grossbeck responded in good faith to Weinstein's inquiry, limited his statements to that inquiry, and made his statements in a proper manner only to Weinstein.

The problem with this argument is that, with the exception of the latter two assertions, none of the elements of the privilege appear on the face of Buchanan's complaint. Nor has the defendant claimed what duty Grossbeck was under to talk to Condor. Serbin will have to move for summary judgment and present undisputed facts establishing the elements of its privilege before this court can declare Grossbeck's actions protected. It must refute, moreover, the allegations contained in the Amended Complaint that Grossbeck made his statements with actual malice. As the court in *Zeinfeld* noted, actual malice defeats a privilege. *Id.* at 350, 243 N.E.2d 217. This court thus denies Serbin's motion to dismiss Count 1.

As for Count 2, Buchanan's claim that the defendant intentionally interfered with his prospective business relationship with Condor, Serbin fares better. The elements of the Illinois tort of tortious interference with a prospective economic advantage are:

(1) the plaintiff's reasonable expectancy of entering into a valid business relationship; (2) the defendant's knowledge of the expectancy; (3) an intentional interference by the defendant which prevents the expectancy from ripening into a valid business relationship; and (4) damage to the plaintiff from such interference.

*Heying v. Simonaitis*, 126 Ill.App.3d 157, 161, 81 Ill.Dec. 335, 338–39, 466 N.E.2d 1137, 1140–41 (1980). Buchanan has alleged the second and fourth elements sufficiently. While he does not claim that Weinstein told Grossbeck that Buchanan was interviewing for a specific job, it is a reasonable inference from Buchanan's allegations that Grossbeck knew Buchanan was interviewing with Condor and that his interview had progressed to the stage at which a prospective employer would seek references. See Amended Complaint at

---

**2.** This does not prevent Buchanan from maintaining an action upon these words, however. Buchanan has claimed special damage as a result of Grossbeck's allegations, the loss of a job with Condor. See Amended Complaint at ¶ 18.

¶ 21. Buchanan has also alleged damage, in that he did not get a job. See *id.* at ¶ 24.

Buchanan's claim falters on elements 1 and 3. He cannot cite any Illinois cases which hold that the prospect of receiving a job constitutes a sufficient expectancy for purposes of this tort. In cases where the expectancy was more certain than that claimed here, the Illinois courts have denied relief. For example, in *Williams v. Weaver*, 145 Ill.App.3d 562, 99 Ill.Dec. 412, 495 N.E.2d 1147 (1986), plaintiff Raymond Williams had a contract to teach business courses at Malcolm X College for the spring and fall semesters of 1978. The contract provided that by October 1, 1978, the college would advise him if it would renew his contract for the following year. After hiring Williams, the college received a grievance from other members of the business department that alleged that the Williams contract denied them work. Although the college denied the grievance, the following September the chairman of the department recommended to the college that it not renew Williams's contract. He further noted the facts alleged in the grievance. The college accepted the recommendation and timely notified Williams.

Williams sued for breach of contract and tortious interference with his prospective business advantage. The trial court dismissed both counts, and Williams appealed. The appellate court affirmed the trial court on both counts. The focus of its discussion of Williams's tort claim centered on whether he had a reasonable expectancy in getting his contract renewed. The court noted that Williams knew he had a one-year contract and that the college could choose not to renew it. Beyond these expectancies, Williams had nothing. "[W]hile [Williams] may have entertained a hope that he would remain in his position as an instructor in 1979 and future years, the mere hope of continued employment, without more, does not ... constitute a *reasonable* expectancy as must exist to state a cause of action for tortious interference." *Id.* at 569, 99 Ill. Dec. 412, 495 N.E.2d 1147 (emphasis in original).

Buchanan's expectancy is more speculative than that in *Williams.* Condor never employed Buchanan. Buchanan never alleges that Condor promised to hire him, or granted him anything beyond an interview. Buchanan asserts that Condor would not have invited him to New York had it not been intent on giving him the job, but Buchanan's suggested inference is unreasonable. A more reasonable inference is that Condor was interested in Buchanan, and that it would have hired him had he proved superior to everyone else who applied for the sales position. Buchanan has not alleged facts that indicate he was so superior. Moreover, even if Buchanan alleged that he had a reasonable expectancy in the job, he still would have to allege that Grossbeck's act prevented him from getting it. Buchanan alleges nothing that would establish this element of the tort.

In summary, this court denies Serbin Fashion's motion to dismiss Count 1 of Ronald Buchanan's complaint, but grants its motion to dismiss Count 2.