PETHAM P. MUTHUSWAMY, Plaintiff-Appellant, v. GERALD BURKE, Defendant-Appellee.

First District (3rd Division)   No. 1—90—1558

Opinion filed June 30, 1993.—Rehearing denied January 19, 1995.

John M. Bowlus, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Joan S. Cherry, Frank J. Oles, and M. Anne Gavagan, Assistant State's Attorneys, of counsel), for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

At the time of this action, plaintiff and defendant were both physicians, employed by Cook County Hospital. Following certain remarks made by defendant about plaintiff in the presence of other hospital employees, plaintiff filed a two-count complaint against defendant alleging defamation and tortious interference with a business relationship. The trial court entered summary judgment in defendant's favor on the defamation count and dismissed the remaining count for failure to state a cause of action.

On appeal, plaintiff contends: (1) the statements of defendant were defamatory *per se,* precluding summary judgment; (2) defendant did not possess a qualified privilege to slander plaintiff; and (3) the trial court dismissed count II without considering the elements of a cause of action for contractual interference.

Defendant, Dr. Gerald Burke, at all relevant times herein, was the chairman of the department of medicine at Cook County Hospital. At this same time and in a subordinate position to defendant, plaintiff was the chairman of the division of pulmonary medicine. Count I of the complaint alleges that during two separate hospital meetings, defendant made numerous defamatory remarks. During the meeting of January 13, 1984, plaintiff alleges the following remarks were *per se* slanderous:

 (a) defendant asserted that plaintiff intended to resign his position as chairman of pulmonary medicine;

 (b) defendant said there were "serious concerns" about the integrity of plaintiff;

 (c) defendant said that plaintiff's actions, in interfacing with defendant in the performance of his duties, were an "abuse and perversion" of the usual and ordinary process; and

 (d) defendant said that plaintiff's conduct in performing his duties was "unprofessional and disruptive."

During the second meeting of July 20, 1984, defendant further remarked about plaintiff's work practices:

 (a) the processing of a physician job application by plaintiff raised questions as to the "probity" of plaintiff;

(b) plaintiff had "difficulty with the truth";

(c) defendant was concerned about plaintiff's "probity";

(d) defendant was concerned about the veracity of the plaintiff; and

(e) the explanations of plaintiff about his interactions with another department chairman were "disingenuous."

Because all of defendant's comments were tape recorded, there is no dispute as to whether the statements were actually made.

■ We initially consider whether the remarks of defendant were defamatory *per se*, precluding summary judgment in favor of defendant. For language to be defamatory *per se*, it must be so obviously and naturally harmful to the person to whom it refers that a showing of special damages is unnecessary. (*Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 243 N.E.2d 217, *overruled on other grounds by Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 442 N.E.2d 195; *Strauss v. Meyer* (1868), 48 Ill. 385, 388.) In other words, the statement is defamatory on its face, such that the complainant need not plead and prove actual malice by the author of the statement.

Under common law, a statement may be *per se* actionable if it imputes a lack of integrity in the discharge of duties of office or employment, prejudices a person in his profession, imputes the commission of a criminal offense or imputes the contraction of a communicable disease. The rationale supporting the *per se* test is that the statement, if true, would tend to cause a person to be shunned by or excluded from society. *Owen v. Carr* (1986), 113 Ill. 2d 273, 497 N.E.2d 1145.

■ The statements made by the defendant doctor clearly impugn the integrity of plaintiff in the discharge of his duties. However, before statements can be deemed defamatory *per se*, they must be considered under what has come to be known as the innocent-construction rule. Under this rule, if the alleged defamatory statements may be construed innocently, and where such construction is reasonable, the court will not hold the statements as *per se* defamatory. *Fried v. Jacobson* (1983), 99 Ill. 2d 24, 438 N.E.2d 495; *Crinkley v. Dow Jones & Co.* (1983), 119 Ill. App. 3d 147, 456 N.E.2d 138.

Not every statement attacking a person's capabilities is defamatory. Where a statement implies that a person has no integrity but stops short of stating that a person lacks integrity, it has been held nonactionable. (See generally *Fried v. Jacobson*, 99 Ill. 2d 24, 438 N.E.2d 495.) Moreover, a supervisor's alleged defamatory statements have been held nonactionable where they were directed at the plaintiff's relationships with co-workers, friction and tension created within the department and the plaintiff's dissatisfaction with policies

and procedures. *(Powers v. Delnor Hospital* (1986), 148 Ill. App. 3d 844, 499 N.E.2d 666.) Similarly, in *Heying v. Simonaitis* (1984), 126 Ill. App. 3d 157, 466 N.E.2d 1137, the court held that since the alleged defamatory comments by two physicians did not address the plaintiff's ability as a nurse, which was her profession, the comments were not defamatory *per se.*

We initially observe that many of the remarks made by defendant in this case questioned the veracity of plaintiff without actually calling him a "liar" or "dishonest." Moreover, none of the statements directly or inferentially call into question plaintiff's abilities as a physician, but rather call into question his abilities as a hospital administrator, specifically, his position as chairman of the pulmonary medicine division.

Plaintiff relies upon the case of *Mittleman v. Witous* (1989), 135 Ill. 2d 220, 552 N.E.2d 973, as dispositive of this action. In *Mittleman,* plaintiff was an associate in the defendant law firm, wherein he was blamed for the loss of revenues associated with a case during a meeting of the partners of the firm. Mittleman was not present at the meeting and had no opportunity to defend himself. Thus, *Mittleman* involved fact-specific allegations of professional negligence against the plaintiff. The Illinois Supreme Court held that the statements were defamatory *per se,* since they were expressions of fact which were not otherwise constitutionally protected as opinions and the statements could not be innocently construed.

■ Defendant, on the other hand, asserts that even if the statements were *per se* defamatory, they were subject to an absolute or qualified privilege since they were said within the context of a staff meeting where plaintiff was present and able to defend himself. In support thereof, defendant cites *Savarirayan v. English* (1977), 45 Ill. App. 3d 105, 359 N.E.2d 236, where the court found an absolute privilege applied to statements of doctors in evaluating the performance of the plaintiff doctor at a veteran's hospital. Complaints had been made about the plaintiff's lack of professional competence, his inability to work in harmony with other hospital personnel and his inability to supervise other doctors. Dr. Savarirayan was then counseled about his shortcomings and warned that he might be discharged absent significant improvement. In dealing with professionals in the health care arena, the court found it significant that the head of an executive department, exercising the functions of his office within his authority, should not be under apprehension that his conduct may become the subject of a civil suit for defamation. Such apprehension would cripple the proper and effective administration of public affairs. The court further found that the review of the plaintiff's profes-

sional capabilities was clearly a matter of serious public policy required of competent medical facilities.

■ Even if the statements are not absolutely privileged, they may in any case be subject to a qualified privilege. The essential elements of privilege are: (1) good faith by the defendant; (2) an interest or a duty to be upheld; (3) a statement limited in scope to that purpose; (4) a proper occasion; and (5) publication in a proper manner and to proper parties only. *(Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 243 N.E.2d 217; *Heying v. Simonaitis* (1984), 126 Ill. App. 3d 157, 466 N.E.2d 1137.) Statements subject to qualified privilege carry a presumption of good faith. *(Spencer v. Community Hospital* (1980), 87 Ill. App. 3d 214, 408 N.E.2d 987.) Once the elements of a qualified privilege are alleged, the burden shifts to the plaintiff to plead and prove actual malice. *Judge v. Rockford Memorial Hospital* (1958), 17 Ill. App. 2d 365, 150 N.E.2d 202.

■ The statements in this case clearly meet the requirements of an absolute or qualified privilege. The remarks of defendant were made within the context of two hospital meetings, wherein defendant was reviewing the performance of plaintiff to a select group of other hospital administrators. Plaintiff was present at both meetings and had an opportunity to respond and defend his actions. The statements were limited in scope to plaintiff's abilities as chairman of the pulmonary medicine division. Defendant made the remarks in his capacity as a superior to plaintiff, that being chairman of the department of medicine.

In order to overcome privilege, knowledge or reckless disregard as to falsity must be sufficiently pled and proven. In order to establish reckless disregard, plaintiff must prove that defendant entertained serious doubts as to the truth of his statements. *(Angelo v. Brenner* (1980), 84 Ill. App. 3d 594, 406 N.E.2d 38.) Abuse of the privilege occurs if the publisher does not believe in the truth of the defamatory matter or has no grounds for believing it to be true. *Spencer v. Community Hospital* (1980), 87 Ill. App. 3d 214, 408 N.E.2d 981.

Summary judgment is proper where a plaintiff fails to plead and prove knowledge or reckless disregard sufficient to overcome privilege. In this case, plaintiff did not present sufficient factual grounds for proving that either defendant did not believe in the truth of the statements or that defendant had grounds to believe the statements were untrue. The pleadings and other papers in support of plaintiff's motion for summary judgment were insufficient to overcome the privilege of defendant.

Under these circumstances, we find that summary judgment was properly granted in favor of defendant. Both parties are employed by

Cook County Hospital, a governmental institution. It is in the best interest of this State to ensure that qualified and competent personnel are staffed in this hospital. If hospital supervisors are not free to make personnel decisions and comments without fear of legal entanglement, a deterioration in the quality of hospital personnel is inevitable. We, therefore, affirm the trial court's entry of summary judgment in favor of defendant on count I of the complaint.

■ We next consider whether plaintiff sufficiently stated a cause of action for tortious interference, such that count II was improperly dismissed. The elements of a cause of action for tortious interference are: (1) the existence of a valid and enforceable contract between plaintiff and a third party; (2) defendant's awareness of this contractual relationship; (3) defendant's unjustified and intentional inducement of a breach of contract; (4) a subsequent breach by the third party caused by defendant's wrongful conduct; and (5) damages. *Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 458 N.E.2d 1120.

Plaintiff alleges that defendant intentionally interfered with his employment contract with Cook County Hospital. In this case the trial court dismissed the count because plaintiff, at the time of this litigation, was still employed by the hospital and had not been terminated. Moreover, plaintiff was not removed from his position as chairman of the division of pulmonary medicine. A corporate employee will not be liable for wrongful interference where he is acting on behalf of the interests of the employer. (See *Salaymeh v. Inter-Qual, Inc.* (1987), 155 Ill. App. 3d 1040, 508 N.E.2d 1155.) The trial court found that defendant was acting within the scope of his authority as chairman of the department of medicine. Under the hospital bylaws, defendant is responsible for the review of hospital personnel under his supervision, including plaintiff. Under these circumstances, defendant possessed a limited privilege to interfere with the business or employment relationship of plaintiff.

We conclude that count II was properly dismissed for failure to state a cause of action for tortious interference. For all of the foregoing reasons, the decision of the circuit court of Cook County is affirmed in all respects.

Affirmed.

CERDA and GREIMAN, JJ., concur.