MICHAEL P. MULLEN, Plaintiff-Appellant, v. PETER V. SOLBER *et al.*, Defendants-Appellees.

First District (4th Division)    No. 1—93—2430

Opinion filed March 23, 1995.

Michael P. Mullen, *pro se*, of Mullen, Raleigh & Cahill, of Chicago, for appellant.

No brief filed for appellees.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff appeals from the trial court's ruling at the close of all the evidence in a common law slander case that the proof was insufficient to permit a jury instruction on punitive damages. The alleged slander in this case was spoken by one lawyer about another lawyer in a crowded courtroom. The trial court found that defendant Solber's words to plaintiff Mullen were slander *per se*. But the court

refused to instruct the jury on punitive damages, finding that Mullen failed to show that Solber acted with malice. The jury awarded Mullen $62,500 in compensatory damages. We reverse and remand for trial on the issue of punitive damages.

Trial began in this case on April 7, 1993. Mullen testified that he first met Solber in court on December 2, 1986. Solber represented Maxine Iacovo in her divorce from Joseph Iacovo. Mullen appeared for his law firm, which had been subpoenaed to produce documents relating to the divorce. Mullen then testified that he introduced himself to Solber at 9:30 a.m. They discussed document production. Their case was called at 10:30 a.m. The court ruled on the motion before it, and the parties went into a conference room to draft an order. Mullen testified that Solber then said to him: "[Y]ou are drunk, *** you reek of alcohol, *** you've been drinking, and you should not practice law drunk." Mullen testified that he then walked out of the conference room and into the courtroom. There were about 20 people in the courtroom. Solber followed him and stated: "Mullen, you're drunk, look at you, you're drunk. You're practicing law drunk. You're appearing in court drunk. *** You smell of alcohol. You should be ashamed of yourself. You're an embarrassment to the legal profession."

Solber was called as an adverse witness. He denied speaking to Mullen in the conference room, but admitted that he stated in the courtroom: "You are out of control. You have been drinking before you have been coming to court and you shouldn't do that because you get a little too feisty."

John Damisch, the lawyer representing the husband in the divorce case, testified that he heard Solber say to Mullen in the courtroom: "You are drunk. You are a disgrace to the profession for coming to court being drunk." Damisch also testified that he spoke with Solber in the hallway after the hearing and Solber said: "[L]ook at [Mullen]. Look how flushed his face or how red his face is. *** [Y]ou can tell he's been drinking." Damisch then testified that in his opinion Mullen did not smell of alcohol and was "absolutely stone sober."

Joseph Iacovo testified that he was in the conference room when Solber said to Mullen: "You're drunk, he comes to court drunk." Mullen then said: "I'm not drunk, I don't drink." Solber responded: "Yeah, you're drunk, look at your red nose." Mr. Iacovo also testified that he heard Solber say in the courtroom: "Mullen, you're drunk. I can tell you're drunk because I can smell it on your breath." He testified that in his opinion Mullen was not drunk and did not smell of alcohol.

Maxine Iacovo testified that she met Solber in the hallway before her case was called and Solber told her that Mullen was drunk. Mrs. Iacovo said that Mullen does not drink. Solber said that his eyes and face were red. Mrs. Iacovo told Solber that Mullen's skin and eyes were always red. Mrs. Iacovo testified that she went into the courtroom later and heard Solber say that Mullen was drunk and a disgrace to the profession. Mrs. Iacovo testified that in her opinion Mullen did not smell of alcohol and was not drunk.

Steven Voris, an associate of Mullen, testified that he met Mullen in the hallway after the hearing and in his opinion Mullen did not smell of alcohol and was not drunk.

The trial court ruled, as a matter of law, that Solber's words were slander *per se*. The court, however, refused to submit the issue of punitive damages to the jury, finding that Mullen failed to show that Solber acted with malice. Mullen argues on appeal that this finding was error. We agree.

■ Four kinds of words are defamation *per se* under the common law: those which impute (1) the commission of a criminal offense; (2) infection of a communicable disease; (3) inability to perform or want of integrity in the discharge of duties of office or employment; and those which (4) prejudice a party in his profession. *Fried v. Jacobson* (1983), 99 Ill. 2d 24, 27, 457 N.E.2d 392.

■ If a statement is found to be slander *per se*, special or pecuniary damages need not be proved. (*Brown v. Farkas* (1986), 158 Ill. App. 3d 772, 777, 511 N.E.2d 1143.) Where words are held to be actionable *per se*, malice is implied and punitive damages may be awarded on the basis of implied malice. *Hintz v. Graupner* (1891), 138 Ill. 158, 166; *Brown*, 158 Ill. App. 3d at 780.

■ The court here found, as a matter of law, that Solber committed slander *per se*. That finding was not appealed and so is not an issue before this court. Once the trial court found slander *per se*, malice was implied and Mullen was entitled to have the jury instructed on the issue of punitive damages. As our supreme court explained in *Hintz*:

> "Where the proof shows that the actionable words were spoken by the defendant, and that the slanderous charge contained in them is untrue, then the law implies malice, and the jury are authorized to give exemplary damages, and not merely actual or compensatory damages. It is for the jury to determine, from all the facts and circumstances in the case, how much the exemplary damages so awarded shall be. Facts tending to show that there was no actual malice may be proven in mitigation of the damages, but evidence of such facts can not have the effect of withdrawing

the question of exemplary damages from the jury." *Hintz*, 138 Ill. at 166-67.

We note that Solber argued to the trial court that punitive damages could be awarded only upon a showing of actual malice, rather than simple malice. It is clear from the record that his arguments to the court were based upon the law of libel and slander in cases involving matters of public concern decided since *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710. The Supreme Court in *New York Times* first announced a more stringent burden of proof in defamation cases involving matters of public concern where first amendment considerations are implicated. The rule of law that actual malice must be shown to recover punitive damages for defamation arose in *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 349, 41 L. Ed. 2d 789, 810, 94 S. Ct. 2997, 3011. The Supreme Court in *Gertz* held that the first amendment restricted the damages a private individual could obtain from a publisher for libel that involved a matter of public concern. But, when the defamatory statement involves a matter of purely *private* concern, the constitutional limitations established in *New York Times* and adopted by *Gertz* for punitive damages do *not* apply. (*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.* (1985), 472 U.S. 749, 86 L. Ed. 2d 593, 105 S. Ct. 2939.) The matter before us is purely private. *Hintz* and *Brown* are also cases which involve private matters.

We acknowledge that the court in *Beasley v. St. Mary's Hospital* (1990), 200 Ill. App. 3d 1024, 558 N.E.2d 677, stated, "Our supreme court has yet to decide whether, as a matter of State law, [a showing of less than actual malice] for recovery of punitive damages will be permitted." (*Beasley*, 200 Ill. App. 3d at 1036.) The *Beasley* court fails to explain, however, that the rule requiring a showing of actual malice for punitive damages in a defamation case has only been followed in this State when the case involves a public matter.

Our review of the law shows that the Illinois Supreme Court has never adopted an actual malice requirement for punitive damages where the defamation involves a purely private matter.

Reversed and remanded.

HOFFMAN, P.J., and THEIS, J., concur.